CASES DETERMINED AT THE TERM OF THE FIRST MON-
DAY IN JULY, 1830, AT TUSCALOOSA.

PRESENT AT THIS TERM,

THE HON. ABNER S. LIPSCOMB, CHIEF JUSTICE; AND THE HON.
REUBEN SAFFOLD, ANDERSON CRENSHAW, JOHN M.
TAYLOR, JOHN WHITE, AND HENRY
W. COLLIER, JUDGES.

HERBERT & KYLE v. HOBBS & FENNELL, Administrators.

1. Where a surety has given verbal notice to the creditor to sue the prin-
cipal, to entitle him to a discharge, he must show, that by neglecting to
sue, an injury has been sustained by him.
2. If such notice and injury be shown, it is a good defence both at law and in
equity. The statute in this respect is merely cumulative.
3. But without proof of the injury, it is no defence in either court.
4. And if such defence be omitted in a suit at law, it cannot be afterwards
asserted in chancery, it is waived.
5. A bill in chancery may be dismissed at the final hearing for want of equi-
ty, though there be no demurrer, and though the answer does not insist
on the want of equity by way of demurrer under the statute.

THIS was a suit in Chancery, commenced in October,
1827, by N. Herbert and E. G. Kyle, copartners, against
John Hobbs, administrator, and Elizabeth H. Fennell, ad-
ministratrix of James Fennell, deceased, in the Circuit
Court of Madison county. The complainants charge in
their bill, that they became securities to a note made in April

2

1820 by L. Robinson and payable to the defendants in December, for $1516 57, on which partial payments had been made; that Robinson died, and in 1824, the complainants feeling uneasy, verbally requested Hobbs to bring suit on the note immediately against Patton, who was the administrator of Robinson, as they wished to be relieved from their responsibility; that Hobbs replied that Patton had agreed to pay the debt sooner than it could be obtained by suit; and charge that he did not comply with their request; that in September 1826, the defendants brought separate suits on said note, at law, one against Robinson's administrator, and the other against the complainants, and that on the 11th May, 1827, judgment was rendered against the complainants for $1262 64; they charge that they did not know that a notice in writing was requisite, and took it for granted from the answer of Hobbs, that the defendants had made an agreement with Patton, and would not look to them; and they took no further steps; that they never consented to any agreement for delay.    They admit that Robinson's administrator has paid $893 99 on the judgment, but charge that the remainder is yet due, and that the administrator now refuses to pay any more, and has reported the estate as being conditionally insolvent; they insist that by reason of the delay, they are about to be injured by the collection of the balance of the judgment; that they could not defend at law; and therefore they pray that the defendants be perpetually enjoined from enforcing the judgment at law against them.

The defendants by their answer deny that they ever made any agreement with Patton by which they deprived themselves of the right to sue him; and they insist that no injury has been sustained by the complainants, because the estate of Robinson was then as solvent as it was at the time of his death; and if insolvent then it was so from the first; and that the defendants made no defence at law, but suffered judgment by default.

Lewis, a witness, was examined by the complainants to establish the fact of notice to sue; he also proved that Hobbs stated that the reason he had not sued was, that Patton had told him that he would pay it as soon as he could get it by law.

Patton, the administrator, examined by the defendants, deposed, that in the fall of 1822 he qualified as administrator; that this claim was the second or third one presented to him for payment; that in 1823, one of the defendants

told him he should have to bring suit on the note if he did not pay it; and that he replied that it would be entirely unnecessary, as the money would be got as soon without suit; that at that time he considered the estate as fully solvent; that after this, a large claim was presented, which, if successful, would make the estate insolvent; that then he stopped payments, and returned the estate as being contingently insolvent; that the suit on the large claim was yet undetermined. He said that if the note had been sued on in Robinson's lifetime, it would probably have been paid; and possibly, if sued against him as early as was possible, but this was doubtful; that the property of the estate had diminished in value by the fall of prices. He stated however that no agreement was ever made which destroyed or suspended the right of the defendants to sue him, and that the estate was as solvent as when Robinson died.

The cause was tried at October term, 1828, before Judge Perry, who decreed for the defendants, from which the complainants appealed to this Court.

JULY 1830.

Herbert and Kyle
v.
Hobbs and Fennell.

HUTCHISON, for the appellants. When a creditor is requested by a surety to sue the principal, he must do so immediately. It is an absolute right, at law, and in equity. [a] To be available as a defence at law, the notice must be in writing; but independently of the statute, the defence is of equitable jurisdiction. No objection however can be taken for want of equitable jurisdiction, the defendants have not demurred, but have answered, and have not prayed the benefit of a demurrer in their answer, as the statute provides. [b] It is then too late to make this objection. [c]

[a] 7 Johnson's Rep. 332. 13 ibid. 383, 174. 17 ibid. 175, 384.

[b] Laws of Ala. 492

[c] 2 Johns. Ch. Rep. 369. 4 ibid, 290. 10 Johns. 587.

BRANDON, contra. A mere delay to sue in this case is not sufficient to discharge the sureties; there was no agreement to extend the time; and unless there be such agreement, actual injury must be proved; and here there is none in fact. The statute is only cumulative; the defence insisted on, if available, was good to the action at law, and having been waived there, cannot now be insisted on. [d] No discovery is prayed, but such proof is relied on as could be produced at law; there is nothing even which would have given Chancery jurisdiction in the first instance.

[d] 1 Littell 129. 1 Stewart 11. 2 Dessaussures R. 380 389.

HOPKINS, on the same side. To sustain such a defence where verbal notice is relied on, the loss sustained in consequence of the delay must be proved; else there can be

*JULY 1830.*

*Herbert and Kyle v. Hobbs and Fennell.*

no defence, either at law or in equity. There is an entire failure in this. No request to sue was made in the lifetime of Robinson, and it is not shewn when his estate was reported insolvent; nor that there was time enough for a recovery, before it was so reported, and after the notice.[*] According to the evidence, the estate was as solvent at one time as another, though it cannot be known until the result of the large claim is ascertained, whether it is or ever was solvent. But we insist on the want of jurisdiction; it is immaterial if the answer claim it or not; if the bill does not give jurisdiction, the answer cannot; even consent cannot give jurisdiction. The answer need not claim the benefit of a demurrer to entitle the defendant to objections to the bill; the effect of the statute [a] is to give to the answer the effect of a demurrer. The same objection was made in this Court in the case of *Ellis vs. Bibb*,[b] and overruled. The defence should have been urged to the suit at law; the question is well settled that the Court which first obtains jurisdiction, when it is concurrent, takes it conclusively.[c]

[a] Laws of Ala. 492.
[b] 2 Stewart 63.
[c] Harris v. Jones' Ex'rs. 1 Stewart 81. 1 Johns. cases 492, 496. 9 Wheat. 532.

HUTCHISON, in conclusion. An injury is established in this case; the property has declined in value, and the estate is now declared insolvent. The doctrine in Chancery is, that a delay to sue discharges, and it does not require injury to be proved; a failure to comply with the request is sufficient. Chancery will protect securities with particular care. It is contended by the appellees that Chancery has no jurisdiction in such cases, and if it has, it is now waived by the omission to defend at law in this case. The idea of a defence of this kind first originated in a Court of Chancery. In New York, when such a defence was first offered in the Courts of law, it was resisted on the ground of its being available only in equity. In *King vs. Baldwin*, decided in the Senate of New York,[d] the opinion of Kent was overruled, and it was acknowledged that this was a Chancery defence. We insist that the defence was of concurrent jurisdiction. Cases of usury are cited to shew that the defence should be made at law; but usury is always considered as a defence purely legal. Cases are also cited, such as the one in Littell, where defences at law were attempted, but failed; here no defence at law was attempted; the party preferred asserting his claim for

[d] 17 John. 384

*Note. And even if a recovery had been had against Patton, it would have been an individual loss to him; this is an equitable consideration.

relief in a Court of Chancery, and he had the right to elect the tribunal in which he should make his complaint.

JULY 1830.

Herbert and Kyle
v.
Hobbs and Fennell.

By JUDGE CRENSHAW.    The bill seeks relief in equity on the supposition that the defence would have been unavailing in the action at law, because the request to sue was not in writing as required by the act of Assembly. [a] The answer denies that Fennell's administrators were prevented from bringing suit by reason of any agreement with the administrator of Robinson, and avers that no prejudice or injury has resulted in consequence of any delay to sue, and that Robinson's estate is in no worse condition than it was at the time of his death.    The testimony does not materially contradict the answer, but in fact supports it in several respects.

[a] Laws of Ala. 451.

In the argument, it was contended on the part of the appellants, that the neglect to sue on request the administrator of the principal, and the consequent accruing of injury to the securities, was, in equity, a discharge of the security, and that if the request had been in writing, it would have been a good discharge in law.

We are of opinion, that a neglect to sue on a verbal request, and consequent injury thereon, is by the securities available as a defence both in law and equity; and that as the securities did not insist on its benefit in their defence to the action at law, they are now precluded from relying on it as a ground of equitable jurisdiction.

The opinion of this Court pronounced by Judge Taylor, in the case of *Bruce v. Edwards*, settles the doctrine, that our statute which requires the request to sue to be in writing in order to discharge the security, is cumulative merely of what the law was before the enactment of the statute; and that to make a plea of this nature available at common law, it is necessary to aver and prove that the principal has become insolvent after notice given to sue him, and that the means of recovering the debt of him, have been lost by the plaintiff's negligence.

In the present case, the answer does deny that there was any contract or agreement to extend the time of payment, or that the appellants have sustained any injury by reason of a delay to sue their principal.    And a mere verbal request to sue, without a resulting injury, is no discharge of the security either in law or equity.

But it is insisted, that our statute regulating proceedings in Chancery, [b] virtually prohibits the Court from dismiss-

[b] Laws of Ala. 492.

ing a bill for want of equity, or when the party could have been relieved at law, unless a general demurrer be filed, or unless the answer prays the benefit of a demurrer. The object of the statute in this particular, was to prevent the filing of pleas and special demurrers to a bill in equity; and can by no rule of construction be extended to a denial of the power or right to dismiss a bill for want of equity, or want of jurisdiction.

We believe it entirely consistent with the rules of practice in Chancery, and not repugnant to the provisions of the statute, to dismiss a bill, at least on a final hearing, for the want of equity, or the want of jurisdiction, though the benefit of a demurrer is not prayed in the answer. [a]

We are unanimously of opinion that the decree was correct.

Decree affirmed.

JUDGE PERRY not sitting.