## HIGHTOWER, ET AL. v. KENNEDY, ET AL.

1. Upon an order in chancery overruling a demurrer to a bill, leaving the cause to be proceeded in to a hearing, according to the practice, a writ of error will not lie under the third section of the act of 1846, "relating to judicial proceedings," or any other enactment; but the defendant must await the rendition of the final decree before he can thus bring up for revision the decision of the demurrer.

Error to the Court of Chancery for Lauderdale.

L. P. WALKER, for the plaintiffs in error.
J. E. MOORE, for the defendants.

COLLIER, C. J.—The plaintiffs in error filed their bill against the defendants, to which the latter demurred, and their demurrer being overruled, they have prosecuted a writ of error. We have repeatedly held, that a writ of error will not lie upon an interlocutory decree, while the cause is still pending in the primary court, and unless the act of February, 1846, requires a departure from these decisions, we must repudiate the cause. The third section of that statute to which we have been referred, enacts, " that when the judge or chancellor holding a court, shall be of opinion that it will

facilitate the business, or diminish expenses of litigation, he may take up and decide any question of law arising upon demurrer in any cause, before the same is ready for final trial upon the evidence therein." This provision certainly effects no change in the law; for it was always competent for a court of law, in its discretion to dispose of a demurrer to the pleadings, without requiring the parties to announce that they were ready with their evidence for the trial of the issue of fact, should one be made up. And in respect to a suit in chancery, it was necessary that a demurrer to a bill should be disposed of before the parties could take testimony. So that of necessity, the parties cannot, when the demurrer is called for argument, be ready for a hearing "upon the evidence," unless the only evidence relied on be the answer and exhibits, which latter may be proved *ore tenus* at the hearing.

But if the section we are considering is effective for any purpose, its operation must be confined to the primary court, and can neither extend or limit the jurisdiction we are permitted to exercise. Upon this point, it seems to us there is no ground for controversy; for there is nothing to indicate that the legislature intended to secure to either party the right of a revision upon overruling a demurrer merely. The writ of error is consequently dismissed.