## KRIECHBAUM v. BRIDGES AND POWERS.

Where a bill in equity is clearly bad, for substantial defects, the defendant may take advantage of it upon the hearing, and the bill will be dismissed.

To entitle a party to relief in equity against a judgment at law, and to stay the execution thereof, it must not only appear that it is against conscience to execute such judgment, but that the injured party could not have availed himself of the same facts at or before the trial, and that there was no fault or negligence on his part.

### Appeal from the Des Moines District Court.

BILL in equity to enjoin a judgment at law, and to quit title. The case is fully stated in the opinion of the court.

*J. C. Hall*, for appellant, insisted, that the case made by the bill, did not entitle the appellant to the aid of a court of equity. It charges no fraud, accident, or mistake, but shows a mere failure of evidence. The deed from Bridges to Powers, never was accepted, was fraudulently put upon the record by some person unknown, and was void as a deed. *Jackson* v. *Perkins*, 2 Wend. 308; *Hulick* v. *Scott*, 4 Gilm. 159, and cases there cited; *Dinwiddie* v. *Roberts*, 1 G. Greene, 363.

*M. D. Browning*, for appellee, contended, that the jurisdiction of the Court, to hear and determine on the right of complainant to maintain his bill, is not questioned by defendants in the pleadings; and even if there was anything in the position, it is now too late to take advantage of it. If there is a case made out, calling for the interference of equity, those rights will be regarded. The relief asked here, could not have been granted by the court of law trying the action of right. A court of law cannot decree title, but acts upon title then vested. Story's Equity Pleading, §§ 284, 488, 526, 604, 605, 606. As to what equity requires to be done, see 4 Watts. 192; 7 Ib. 394; 8 Ib. 280; 4 Watts & Serg. 323; 11 New Hamp. 201; 4 Metcalf, 381.

WRIGHT, C. J.—This was a bill in chancery, filed by Kriechbaum against Bridges and Powers, for relief and to quiet the title to a certain parcel of real estate. The bill was filed on the 31st day of May, 1849, and decree rendered at the October term, 1853, of the Des Moines District Court, in favor of the complainant, granting the full relief prayed. The bill sets out the following state of facts : On the 15th day of November, 1844, Bridges was the owner in fee simple of the land in controversy, and on that day, conveyed it by deed to his co-defendant, Powers. Afterwards, on the 23d of November, 1844, Bridges recovered judgment in the Des Moines District Court against said Powers, for the sum of $456.91; on February 10th, 1854, an execution was issued on that judgment, and by virtue thereof, on the 19th day of April, of the same year, the sheriff sold the same land so conveyed by Bridges, to one Dunlap, for $70.25, and on the same day executed a deed to said Dunlap for said land, conveying all the interest of said Powers therein to said purchaser. On the 23d day of May, 1845, Dunlap conveyed to one Henry Kont, and on the 22d of March, 1847, Kont conveyed to the complainant. It is also averred, that the deeds from the sheriff to Dunlap, and from Dunlap to Kont, are not properly acknowledged and certified, so as to vest a perfect legal title in the complainant; that Bridges is unjustly setting up a pretended title to said land, by which a cloud and suspicion are thrown over the title; that some of the witnesses to the aforesaid recited deeds are dead, and some gone to parts unknown; that the sheriff who executed the deed to Dunlap, has gone out of office, and left the state; and that he cannot therefore have the acknowledgments perfected. And then follows this averment—"Your orator further represents, that the said Bridges, for the purpose of unjustly acquiring the possession of said land, instituted his action of right against the tenant of your orator; and that, owing to the loss of the said deed from the sheriff to Dunlap, the imperfect certificate of acknowledgment, as appears of record, of said deed produced on trial, and the imperfect certificates of the other deeds, your orator was unable to

make out a perfect legal title, and the said Bridges recovered in said action at law." He also avers, that he never has had the deed from the sheriff to Dunlap; that he made diligent search therefor before the trial of said action at law, but could not find it; that he has had actual possession of said land, by himself or tenants, since his purchase, and made improvements thereon; that Bridges had notice of this possession, and made no claim of title; that the levy and sale aforesaid by the sheriff aforesaid, was by direction of said Bridges; and that he had notice of the sale, and all the circumstances. After this statement of his case, complainant prays an injunction, to prevent the issuing of the writ of restitution on said judgment at law; asking, also, that said imperfectly acknowledged deeds may be declared good and perfect; that Bridges may be barred from setting up any claim to said lands; that he may be perpetually enjoined from interfering with complainant's possession; and praying general relief.

To this bill Bridges appeared and answered, and Powers made default. The hearing below was on the bill, answer, replication and deposition. Decree rendered as prayed for in the bill. Bridges appeals.

It is now claimed by counsel for appellant, that the decree below should be reversed; *first*, because the bill itself shows a substantial want of equity; and if this is not true, then, *second*, that on the whole testimony, the decree should be for defendant. Appellee responds to the first point, that defendant cannot now take advantage of any want of equity in the bill itself, if any exists. And this is the first question for our consideration.

This court held in the case of *Dinwiddie* v. *Roberts*, 1 G. Greene, 363, that where the bill was clearly bad for substantial defects, there was no doubt but the defendant could take advantage of it on the hearing. This decision, ordinarily, would be all that we would regard necessary to cite. But as the point has been in this case most strenuously urged by appellee's counsel, we propose to further examine it upon authority.

It is true, that the usual and ordinary method of raising the objection to the bill, whether from defects in framing, or the matter thereof, is by demurrer. But, if the case, as stated in the bill, will not entitle the petitioner to a decree, it may be equally fatal at the hearing. Story's Eq. Pleadings, § 453. He also quotes, as sustaining this doctrine, *Parker* v. *Dacie*, 6 Ves. 686, and other authorities. And even in cases where the bill is defective for want of form, the same authority says: that the ordinary method is to take advantage by demurrer; "for, generally, the court will not listen to such objections at the hearing, if the case stated is such that the court can properly proceed to a decree." Section 528. And by section 284, it is stated, that even for multifariousness, the bill may be held bad, and dismissed on final hearing. Upon this point we have been referred by the appellee to several sections of the same authority; but, upon examination, it will be found that they only assert the doctrine that to demur is the ordinary and usual method. No doctrine asserted there militates against the view above taken.

In the case of *Chambers v. Chalmers et al.*, 4 Gill & Johns. 420, ARCHER, J., uses the following language: "According to the established practice of chancery in this state, it may be taken to be a general rule, that a defendant, though he answer the bill, and issue be joined thereon, may at the hearing, object that the case made in the bill, does not entitle the party to equitable relief, and if his objection be sustained, the bill will be dismissed." So, also, a bill may be dismissed on motion, at any stage in the proceeding, for want of equity. *Bryant* v. *Peters*, 3 Alabama, 160. On final hearing, it may be dismissed for want of equity, though not demurred to, and though the answer does not insist on the want of equity by way of demurrer. And neither the answer, the proof, nor other extraneous matter, can supply the defect. *Herbert* v. *Hobb*, 3 Stewart, 9; *Moore* v. *Dial*, 3 Stewart, 155; *West* v. *Hall*, 3 Harris & John. 221. We think, then, that if this bill does not show that petitioner is entitled to the injunction and the relief sought, it must be

Kriechbaum v. Bridges and Powers.

dismissed, and that the objection can be made on the hearing.

The next inquiry is, taking the facts stated in the bill as true, should the chancellor have decreed for complainant? We are unable to see upon what principle. It appears from the bill, that Kriechbaum has, beyond all question, had his day in court with regard to this land. He does not claim that there was any fraud, mistake or accident, or any other cause justifying equitable interposition, connected with that trial. He avers that he was there; that he defended the action, and that he knew that this sheriff's deed was lost, as well before as after the trial. He knew—at all events, it was his duty to know—before he submitted his cause to the court, the alleged defects in his title. Instead of seeking the aid of the chancellor to perfect his title, before trying the action at law, he chose to take the consequences of that trial; and to that he must submit, unless he can show more than appears on this bill. The true doctrine, as laid down by Judge Story, is, that to authorize a party to relief against a judgment at law, and to stay the execution thereof, it must appear that it is against conscience to execute such judgment, and also, that the injured party could not have availed himself of the main facts, at or before the trial, and that there was no fault or negligence on his part. Story's Eq. Jurisp. § 887. And again, this explicit language is used: "The relief will not be granted, by staying proceedings at law after verdict, if the party applying has been guilty of *laches* as to the matter of defence, or might, by reasonable diligence, have procured the requisite proof before the trial. Thus, if a defendant has omitted to file a bill for a discovery of facts, known to him, and material to his defence, and has suffered the case to go to trial, without adequate proof of such facts, he cannot afterwards claim an injunction, or a new trial, from a court of equity; for it was his own folly not to have prepared himself with such proof, or to have filed a bill for a discovery, and to have procured a stay of the trial until the discovery." Section 895; see, also, sections 895 a, 896, 897, of the same work. We also refer to

*Barker* v. *Elkins & Simpson*, 1 Johns. Chan. 465, and the authorities there cited.

It is useless to enlarge on this question, for the principle, we think, is well settled. The petitioner was clearly guilty of negligence. He appears to have made no effort to prepare for the trial at law, and sound policy, as well as principle, demands that there should be no continuance of litigation, when the party complaining, as in this case, is the instrument of his own misfortune.

The injunction, however, will not be dissolved; for this objection, being taken on the hearing, we shall, in the exercise of the discretion which we have, remand the cause to the court below, with leave to the complainant to amend. It may be that he can amend his bill so as to show himself entitled to the relief sought. Under the circumstances, we are unwilling to deprive him of that privilege. The cause will therefore be reversed and remanded, with leave to the petitioner to amend in accordance with this opinion.

Decree reversed and cause remanded.