# CALHOUN *vs.* POWELL.

[APPEAL FROM MOTION TO DISMISS FOR WANT OF EQUITY.]

1. *Act of February 23rd, 1866, to allow appeal from an order overruling motion to dismiss for want of equity.*—The act, approved February 23rd, 1866, (Pamph. Acts, p. 94), does not authorize an appeal from an order of the Chancellor, refusing to dissolve an injunction. It authorizes

Calhoun v. Powell.

an appeal, by consent of the opposite party, from a decree overruling a motion to dismiss a bill, for want of equity.

2. *Chancery practice, on motion to dismiss for want of equity.*—Where a defendant, in his answer, has demurred to the bill for want of equity, he has no right, under the rules in chancery, to make a motion to dismiss the bill for want of equity, at least before the final hearing.

APPEAL from the Chancery Court of Montgomery, Heard before Hon. N. W. COCKE.

THE bill in this case was filed on November 26th, 1867, and sought to enjoin the defendant, (appellant) from collecting a certain judgment which the defendant had recovered of the complainant, (appellee) in the circuit court of Montgomery. At the March term 1868, and before the final hearing, the cause was "submitted on motion of defendant, to dismiss the bill for want of equity, and if that is overruled, then on motion to dissolve the injunction, on the denials of the answer." The chancellor overruled both motions, and an appeal by consent was taken from this ruling of the court by the defendant.

WATTS & TROY, for appellant.
STONE, CLOPTON & CLANTON, contra.

BYRD, J.—1. The act approved February 23rd, 1866, (p. 94) does not authorize an appeal from an order of the chancellor refusing to dissolve an injunction.

That act authorizes an appeal, upon the consent of the opposite party, from a decree overruling a motion to dismiss a bill for want of equity.

2. Rule 71 (Revised Code, p. 833) gives the defendant the right, "at the calling of the cause, when he has not demurred for want of equity," to move to dismiss the bill for that cause. Rule 69 requires that all demurrers, whether contained in the answer or not, should be disposed of on the calling of the cause, without waiting for the cause to be ready on the proof.

In this case a demurrer was interposed to the equity of the bill in the answer, which was undisposed of at the time the motion to dismiss for want of equity was made.

The rule (71) only gives the right to a defendant to make such a motion " when he has not demurred for want of equity." Such a motion is not one of right, except in the case prescribed by the rule, and the overruling such a motion before the final hearing has been considered a matter of discretion. For the chancellor may, even when the bill wants equity, overrule the motion and retain the bill for amendment.

But the statute having given an appeal when such a motion is overruled, it, by implication at least, makes the action of the court on such a motion, reviewable by this court, *when* the party under the rule of court has entitled himself to have his motion passed on by the chancellor.

In this case, having demurred to the bill for want of equity, he had no right under the rule to make the motion, at least before the final hearing, and therefore the chancellor did not err in overruling it, although he did so for another reason. This view is sustained by section 3350 of the Code. For although a demurrer must set forth the ground specially or not be heard, yet on the final hearing the bill may be dismissed for want of equity. — 5 Porter 554.

As such action is now made reviewable, it will become a matter of some interest to lay down a rule which will govern this court in revising that action upon a question which has heretofore been exclusively one of discretion, before the final hearing.

It would seem that this court should never reverse the action of the court below in overruling such a motion before final decree, except in a case where it is clear that the bill cannot be amended so as to relieve it from objection.

And in this case we do not perceive that the ruling of the chancellor is obnoxious to the rule indicated. We say *indicated*, because we do not intend to declare what should be the rule, as it is unnecessary to do so at this time, but prefer to leave the question an open one. We affirm the ruling of the chancellor on the point first stated on this branch of the case.

Affirmed.