# Taylor *et als. v.* Harwell *et als.*

*Appeal from Order refusing to dismiss Bill for Want of Equity.*

1. *Appeal; when does not lie.*—Section 3486 of the Revised Code, authorizing an appeal, by consent of parties before final decree, from the refusal to dismiss a bill for want of equity, does not embrace a decree overruling a demurrer to the bill ; and prior to the act of March 20th, 1875, an appeal would not lie from such a decree.

2. *Motion to dismiss for want of equity ; when, and by whom, may be made.*— Rules 69 and 71 of chancery practice (of 1854) must be construed together ; and they confine the right to move a dismissal for want of equity, at any time before final hearing, to a defendant who has not demurred for that cause.

3. *Same.*—Other defendants may move a dismissal, and the hearing of the motion must be on the calling of the cause, unless it be ready for a final hearing.

APPEAL from Montgomery Chancery Court.
Heard before Hon. ——— ———.
The record in this case never come into the reporter's hands; and hence he is unable to give any further statement of facts than appears in the opinion.

P. T. SAYRE, and DAVID CLOPTON, for appellants.

FITZPATRICK & WILLIAMSON, and WATTS & TROY, *contra.*

BRICKELL, C. J.—This appeal was taken prior to the statute of March 20, 1875, (Pamphlet Acts 1874–5, p. 189,) under section 3486 of the Revised Code, by consent of the parties, from a decree of the chancellor overruling a motion to dismiss the bill for want of equity. The appeal purports

[Taylor et als. v. Harwell et als. ]

to be taken, also, from the decree so far as it overruled the demurrer which had been interposed to the bill. The section of the Code to which we have referred, does not embrace a decree overruling a demurrer. It is expressly confined to a decree overruling a motion to dismiss for want of equity. A decree overruling a demurrer is interlocutory, and, in the absence of express statutory provisions, an appeal from it can not be entertained.—*Hightower v. Kennedy,* 11 Ala. 562. We can not, therefore, pass on the assignments of error, relating to the action of the chancellor in overruling the demurrer. Without now deciding that a cross appeal may in any case be entertained from the decree, so far as it sustained the demurrer, we can not consider the error assigned by the appellees, because in that respect the decree was interlocutory merely, and an appeal from it was unauthorized.

Prior to the adoption of the present rules of chancery practice, in 1854, a motion to dismiss a bill for want of equity could be made at any stage of the cause.—*Haughey v. Strong,* 2 Port. 197 ; *Bryant v. Peters,* 3 Ala. 160. If the bill was wanting in equity, the motion would prevail, although no demurrer had been interposed, and the answer did not question its equity.—*Herbert v. Hobbs,* 3 Stew. 9 ; *Moore v. Dial,* Ib. 155 ; *McGrew v. Tombeckbee Bank,* 5 Port. 547 ; *Freeman v. McBroom,* 11 Ala. 943 ; *Lockard v. Lockard,* 16 Ala. 423. While a defendant who was in contempt, not having pleaded, demurred or answered, was not heard in the introduction of any new matter before the court, yet, he was not precluded from moving a dismissal of the bill for want of equity.—*Smith v. Robinson,* 11 Ala. 840. The decisions that on a final hearing the bill must be dismissed if wanting in equity, though no demurrer has been interposed or no question of its equity raised by the answer, rest on the well established principle that consent, or mere acquiescence, can not confer jurisdiction—and that when, on the hearing, it was apparent jurisdiction did not exist, it was the duty of the court to repudiate the cause without regard to the consent or acquiescence of the parties. These decisions are yet authoritative, unimpaired by any subsequent rule of practice or statutory enactment. The other class of decisions, that the motion could be made at any stage of the cause, or by a party in contempt, independent of general authority, was supported by the seventh rule of chancery practice, adopted in 1830, which was : "A defendant may at any time move to dismiss a bill, or to dissolve an injunction, for want of equity."—Aik. Dig. 457. This rule was incorporated into the rules of practice adopted in 1841, (Clay's Dig. 616, Rule 31,) and remained in force

until the adoption of the rules of chancery practice in 1854, now of force, from which it was omitted. The 71st of these rules is, "A defendant may, at the calling of the cause, when he has not demurred for want of equity, move to dismiss a bill on·that ground, unless a similar motion has been previously made, or the cause is ready for hearing, on bill and answer, or pleading and proof."—R. C. 833. In construing this rule, it must be taken in connection with rule 69, which is : "All demurrers, whether contained in the answer or not, are to be disposed of on the calling of the cause, without waiting for the cause to be ready on the proof, but when the cause is ready for hearing on the pleadings and proofs, it must be heard without waiting for a separate decision on a demurrer contained in the answer. This rule must also apply where a plea is interposed, the truth of which is admitted." The object of these rules is to speed the final hearing of the cause. On the calling of the cause, if a demurrer has been interposed, it must be disposed of, so that if it is fatal to the bill, the further delay and cost of a hearing on proof, may be avoided; if the ground of demurrer can be cured by amendment, that the amendment may then be made, and not postponed to the delay of the cause, when it may otherwise be ripe for a final hearing on· proofs ; or, if the demurrer is not well taken, that the equities of the bill may be settled in the earliest practicable stage of the cause. If a demurrer is interposed, every objection available on a motion to dismiss could be presented by it, and therefore the right to move a dismissal for want of equity, is confined to a defendant who has not for that cause demurred, and the hearing of it is limited as the hearing of the demurrer would have been, if filed, to the calling of the cause, unless the cause is ready for a final hearing. Thus, the former rule, that a motion to dismiss could be made at any stage of the cause, and by any defendant, whether he had demurred or not, is abrogated. It may not be made by a defendant who has demurred for want of equity, nor may it be made by him at any other stage of the cause, than in the final hearing.

In *Calhoun v. Powell*, 42 Ala. 645, construing the 71st rule of chancery practice, it was held, a defendant having demurred for want of equity, though the demurrer was not disposed of, had not the right, until the final hearing, to move a dismissal for want of equity, and error in overruling such motion could not be imputed—whatever may be the reason given by the chancellor. That decision is conclusive of this appeal, and compels an affirmance of the decree of the chancellor on the motion to dismiss, without a consideration of the important and interesting question the bill involves. On

[The State, ex rel. Attorney General v. Buckley.]

that question, we intimate no opinion, affirming the decree on the single ground that the motion to dismiss could not be made, before a final hearing, by a defendant who had demurred for want of equity. The cross appeal by appellees is dismissed at their costs. Under the authority of *Hart v. Clark*, present term, the general demurrer for want of equity, could not be heard. The special causes must be assigned.

STONE, J., not sitting.