[Clark v. Spencer et al.]

# Clark *v.* Spencer, *et al.*

*Petition to Vacate and Set Aside Sale of Land Under Execution Issued on Money Decree.*

1 *Interlocutory decree from which appeal lies; what is not.*—The overruling of a demurrer, to a petition to set aside a sale of land under execution, no other order being made in the case, is not one of the interlocutory decrees from which an appeal is given by statute (Code, §§ 3916, 3918, 3921-2); and an appeal from such decree will be dismissed, *ex mero motu,* by the court.

APPEAL from the Chancery Court of Greene.
Heard before the Hon. THOMAS COBBS.

G. B. MOBLEY and THOS. R. ROULHAC, for appellant.

CLOPTON, J.—The interlocutory decrees and orders of the Chancery Court or Chancellor, from which the statutes authorize an appeal, are those sustaining or overruling a demurrer or a plea to a bill in equity, or a motion to dismiss such bill for want of equity, or sustaining or dissolving injunctions, or appointing a receiver. If the decree is not of either of the enumerated classes, it must be final before an appeal lies.—Code, §§ 3916, 3918, 3921, 3922. The present proceeding is a petition to set aside and vacate a sale of land under an execution issued on a money decree. The appellant demurred to the petition. The court overruled the demurrer, and allowed the appellant thirty days in which to answer the petition, without making any disposition of the costs, or any further order in the case. From this decree the appeal is taken. It is not a final decree; neither is it an interlocutory decree or order, from which an appeal can be taken. Without statutory authority, this court can not take jurisdiction of such appeal. Consent can not confer it, and to entertain it would be usurpation. We are constrained to dismiss the appeal, *ex mero motu.*—*Parrish v. Galloway,* 34 Ala. 163 ; *Hightower v. Kennedy,* 11 Ala. 562.