## BUMPASS V. WEBB.

1. If defendant offer in evidence an answer in Chancery, and read a part of it, consenting that the whole may be read for the plaintiff's benefit, plaintiff's counsel, in the concluding argument, may read to the jury the residue of the answer and exhibits.
2. If plaintiff and defendant purchase land in partnership, plaintiff may maintain an action at law, for what he has paid beyond his proportion.

ASSUMPSIT in the Circuit Court of Lauderdale county, by John Webb against Gabriel Bumpass, for money had and received, paid and advanced, &c.; general issue. Verdict and judgement for plaintiff.

On the trial, the defendant offered in evidence, the plaintiff's answer, and exhibits annexed, to a bill in Chancery of Bumpass complainant v. John and Jesse Webb, to prove, that the defendant in this action and said John and Jesse Webb were partners in the transaction which produced this suit, and read a part of the answer and exhibits, and assented that the counsel for the plaintiff might read the whole. The plaintiff's counsel did not read any other part of the answer, until after he had opened the cause, and the defendant's counsel had replied before the jury, and then the plaintiff's counsel, in the concluding argument to the jury, read the residue of the answer and exhibits, to which the defendant objected, and the objection was overruled.

The defendant by his counsel moved the Court to instruct the jury, that if they believed that the plaintiff and defendant had purchased the land in partnership, that the plaintiff could not in this action recover of the defendant the excess paid by him, above the payment made by defendant; which instruction the Court refused to give. To all of which the defendant excepted, &c., and assigned here as errors, the matter in the bill of exceptions.

SHORTRIDGE and ELLIS, for the plaintiff.

COALTER, for the defendant in error.

JUDGE CRENSHAW delivered the opinion of the Court.

THE defendant introduced the answer and exhibits as evidence, assenting that the plaintiff might have the entire benefit of them. The whole of them were then before the

JANUARY 1827. jury, and either party, at any stage of the argument, had

Bumpass
v.
Webb.

a right to refer to, and to read all or any part of them.

Though a partner cannot maintain an action at law, against his copartner, on a transaction concerning the co-partnership, he may maintain such action for the excess which he has contributed over and above his proportion of the joint stock.

If the contract was, that each party should contribute equally to the purchase of the land, and the plaintiff in the action contributed more than his part, the excess was money paid and advanced to the defendant's use, and recoverable in an action at law. Let the judgement be affirmed.

JUDGE GAYLE not sitting.