Moore v. Smith.

MOORE vs. SMITH.

1. It is not error to permit the plaintiff to amend the endorsement on his writ, so that he may add special counts to his declaration.

2. A contract by which the plaintiff agreed to serve the defendant as an overseer for one year, to furnish a certain number of hands and horses which were to be worked on defendant's plantation with his hands and horses, to defray the expenses of himself, his hands and horses, and to receive one fourth part of the crop raised as his compensation, does not make the parties partners *inter sese*.

3. A count in assumpsit set forth, "That in consideration that the said plaintiff would furnish three hands, and feed and clothe said servants for the year 1844, and pay all of their expenses, and work the same

on the plantation of said defendant in Perry County, Ala., and fur-
nish provisions for himself and his family and said three hands, the
lands and mules and horses of said defendant in the capacity of an
overseer, he the said defendant agreed and promised to place on
said plantation his hands, to wit, the hands owned by him, and live
on said farm and his mules and horses and to furnish the said hands,
&c., placed by him on said plantation with provisions and said
hands with clothing, to pay all expenses of the said hands and mules,
and to let said plaintiff cultivate said farm until said hands and mules
so furnished as aforesaid by said plaintiff and said defendant, and
raise a crop thereon in said year 1844, for which said defendant
agreed and promised that said defendant should have and draw a
part of the crop raised on said farm by said defendant with the said
hands, mules and horses in the year 1844, in proportion to the said
hands of plaintiff so placed on said farm," &c , and averred that the
plaintiff performed the contract on his part, in all things, and raised
a crop on said plantation, " of which his reasonable share was one
third thereof," &c.  *It was held,*
That the count was demurrable, the contract as set out being too
   vague, indefinite and uncertain to support an action.

ERROR to the County Court of Perry.

JOHN for plaintiff in error :

1. The court should not have allowed the plaintiff below to
amend the endorsement of the cause of action, because more
than two years had elapsed since the commencement of the suit ;
there had been a trial and a new trial ; the amendment intro-
duced a new and different cause of action, and by that cause. the
defendant was deprived of the statute of limitations.—1 Tidd's
Pr. 698, 708.

2. New special counts should not have been allowed as in this
case.  The plaintiff had speculated on the common counts, and
should not be permitted, after so long a lapse of time, to change
entirely the character of his case.

3. The special counts, each of them, show a complete and
perfect partnership, and therefore the demurrers were each of
them good, and should have been sustained.  But the proof in
the case is likewise full and perfect to establish the partnership,
and raises the same question as to what constitutes a partner-
ship.—Collyer on Part., § 3 ; Story on Part., § 2 ; 3 Kent's
Com. 24.

4. By examining the several points in this definition with reference to the counts and proof, it will be found that the contract meets every point in the definition. 1. The contract must be voluntary.—Collyer on Part. 5, § 8. There is and can be no question on this point. 2. There can be as little difficulty as to the number and competency of the parties. 3. The proof is very clear that the parties joined together their goods, labor and skill. Each furnished hands and team; Moore land, and Smith labor and skill.—Collyer on Part. 12, § 16. 4. The communion of profit is very clear.—Coll. on Part. 13, § 18-19, and further in illustration of this point, see 16 John. 34-40; 3 N. H. R. 64; 6 Conn. 347; 18 Wend. 174; 3 Dev. 89; Collyer on Part. § 24. The interest in the profit was mutual, and was not a compensation to Smith for his services as overseer or agent, because Moore's land was by the contract put in against Smith's services.—Collyer on Part. § 25. But the contract as set out in the declaration, without this part of the proof, shows a copartnership.—Ib. § 38. 5. This was clearly a lawful business. There is, therefore, not a solitary ingredient wanting in this case to make a perfect partnership between the parties.

5. It may be contended that because there was no express stipulation that Smith was to be responsible for losses, that the contract does not constitute them partners. If this position were sustained by the facts, the conclusion would not follow, because " a communion of profit implies a communion of loss," for " every man who has a share of the profits of a trade ought also to bear his share of the loss. It is not, however, necessary that every party to the contract should undertake to share the loss." —Coll. on Part., § 18.

6. But the declaration and proof both show that the loss was expressly provided for, because each was to bear his own expenses, and this was the only probable loss that could occur in the business for which this partnership was formed, except the destruction of the crop after made, and this would be a mutual loss.

7. If the agreement in the case as set out in the declaration shows a partnership existing between the plaintiff and defendant, the two special counts are bad, and the demurrers to them should have been sustained. Or if the proof showed a copartnership, then the first charge, as requested by the defendant, should have

been.given, and the ·charge·given by request of plaintiff below should not have been given.

8. If it was proven that Smith was to put in his services against Moore's land, or that he agreed to take compensation for his services in land to be furnished by Moore, then he certainly should not be compensated twice for the same service. But admit that he should recover twice, he could not do so in this case. He could not recover under the common counts, because the proof showed a special agreement, and by that agreement payment was to be made in a specific thing, (land) and not in money.—10 Ala. 330.

9. There could be no recovery under the common counts in this case.—4 Por. 502; 10 Ala. 330.

10. The cases of Gazzam v. Kirby, (8 Por. 253,) Hunter v. Waldron, (7 Ala. 754,) Dukes v. Lowrie, (13 Ala. 457,) are a different class of cases, and involve a different and distinct principle.

11. The second special count is bad for want of certainty, and for that reason also the demurrer should have been sustained to it.

GARROTT, contra :

1. The allegations in the two special counts of the facts set out in the bill of exceptions, do not show a partnership between the plaintiff and defendant. The contract is a common one through the country. It is the ordinary case of the employment of an overseer by a farmer, who, instead of paying him in money for his services, agrees to pay him a part of the crop he may raise. The fact that Smith agreed to work his own hands and team on the farm does not affect the principle, he being compensated therefor in the same that he was for his services. The part of the crop he was to get was understood and intended as compensation for his services and the services of his hands and horses, and not as a sharing in the profits and losses of the alleged partnership.

There is not the first constituent element of a partnership in the contract between these parties as between themselves, for there was no community of the stock put in. Moore had no right whatever to what Smith put in, nor Smith had any right to what Moore put in. The right of each to his own property

Moore v. Smith.

previous to the contract remained unimpaired; in fact it was distinctly and carefully preserved by the terms of the contract entered into. If a negro or horse died during the year, or a house on the farm should be destroyed by fire, it was the individual loss of him who owned it previous to making this contract. —3 Kent 23.

There was no community of loss between the parties. According to the contract, Moore clothed and fed his negroes and furnished food for his team, and Smith did the same and supported his family; in other words, each paid his own expenses. Coll. on Part. § 18.

There was no communion of profits between them. The contract was not to divide the profits; it was to divide the crop itself, not the nett proceeds thereof after deducting expenses. If either party was at an expense or loss by clothing, doctors' bills, or death of one of his negroes, he had to bear it himself, and could not deduct any thing therefor out of the profits of the crop. If it cost any more to feed his negroes and horses than it did the other, it was the same; his profits alone were diminished, while the share of the other remained untouched.—Coll. on Part., 13 § 18; 12 Conn. 69.

If either party should make any advances to defray the expenses incurred, he could have no lien upon the effects of the alleged firm, because, by the terms of the contract, the stock of each remained as before, and each was to defray his own expenses.

There is no community of interest between plaintiff and defendant in the profits, as profits.—Coll. on Part. 30, § 40; ib. 36, note 2; 12 Conn. 67.

The parties were to receive, not a certain portion of the nett profits, but a portion of the gross earnings.—Coll. 26, § 35, note 2; 6 Pick. 335; 1 Camp. 329.

In this case neither party would be entitled to an "account" against the other, and therefore there is no partnership.—6 Ala. 215; Coll. on Part. 35, note 2.

This is not a partnership, because plaintiff and defendant are not jointly concerned in the sale of the property to be acquired. Each one takes his share of the crop, and sells or not, or uses as he pleases, and the other can say naught against it. This is inconsistent with the idea of a partnership.—3 Kent. 25-6.; 6 Greenl. R. 76.

2. It is contended that it is the ordinary case of a principal and agent, the agent having to be paid out of what is paid by the use of the capital furnished, and his own exertions.   On this point the following authorities are relied on: 6 Greenl. R. 76; 3 Mason 138, (141-2;) 6 Halsted 181, (184;) 4 Esp. 182; 1 Camp. 331; 10 John. R. 235; 3 Ala. 733; 6 ib. 215, (217;) 10 ib. 330.

It is the intention of the parties that makes them partners *inter sese*.—Story on Contracts, § 203.

3. Under the statutes of this State the courts have full discretion in granting amendments of the process before them. These statutes have been so repeatedly construed, that it is deemed unnecessary to do more than refer to them to show that this court will not revise an exercise of this discretion.—Clay's Dig. 321, § 50.

CHILTON, J.—This was an action of assumpsit brought by Smith, the defendant in error, against Moore, to recover five hundred dollars, (as the cause of action was originally endorsed on the writ,) upon the common *indebitatus* counts.   By leave of the court the endorsement of the cause of action was amended, so as to enable the plaintiff to declare in special counts for one thousand dollars, being the value of one fourth part of the crop raised by the plaintiff on the land of the defendant in the year 1844.   The permission to amend is assigned as one of the errors; but we think it was clearly within the discretion of the court to allow it.   The object of the amendment was merely to enable the plaintiff to declare specially upon the same cause of action, and we think the statute (Clay's Dig. 321, § 50,) as well as several decisions of this court, fully sustains the action of the court in allowing special counts to be added.—*Ex parte* Ryan, 9 Ala. 90; Teneson v. Martin, 13 Ala. 21.

2. The declaration contains the common counts, and two special counts, to each of which there was a demurrer.

It is contended by the plaintiff in error that both these counts are bad, because, as he alleges, they show a partnership existing between the parties in reference to the subject matter of the demand sought to be recovered.   And it is also insisted that the second count is insufficient, in that it fails to set forth the liability of the defendant with sufficient certainty.

Moore v. Smith.

With respect to the first objection, we do not think it tenable. The substance of the contract declared upon is, that in consideration of the services of the plaintiff as overseer for the year 1844, and of his furnishing three hands and one horse and incurring all the expense incident to his and their support, the defendant, (as stated in the first special count,) would furnish six hands and three mules and horses, and subsist them; all to work upon the plantation owned by the defendant, in Perry County, for the year 1844; and the said defendant would allow and give to the said plaintiff one fourth part of the crop to be raised upon said plantation.

We think it very clear that by this agreement, the parties *inter sese* did not contemplate the creation of a partnership; but that it is another mode only of providing compensation to the plaintiff, for his own and the service of his hands and horse, by giving him a portion of the crop instead of a moneyed compensation.

To constitute a partnership between the parties themselves there must be a communion of profits between them, and to constitute this, the interest in the profits must be *mutual*. Each party must have a specific interest in the profits as a principal trader.—Collyer on Part. 21, § 25. "He is not a partner if he merely receive out of the profits a compensation for his trouble, in the character of an agent or servant of the concern."—Story on Part. § 49, 55; Coll. on Part. § 25; 1 Denio 337; 6 Met. 82. Judge Story, in commenting upon the test of partnership as evidenced by the agreement to participate in the profits *as profits*, or as a principal trader, says, the true meaning seems to be, "that the party is to participate, indirectly at least, in the losses as well as in the profits, or in other words, that he is to share in the nett profits and not in the gross profits." "If," says he, "the party is to share in the nett profits, which supposes him to have a participation of profit and loss, that will constitute him a partner; if in the *gross profits*, then it will be otherwise."

In the case before us, the defendant in error was to receive one fourth of the gross profit, and was not liable for the loss. Had the six hands and the mules and horses furnished by Moore all have died pending the year, the loss would have been his own, and so with respect to Smith. There was no mutuality in the

Moore v. Smith.

loss, but they were severally bound each to bear the loss and expense,incident to the property used in the cultivation of the farm. It is but the common case of giving the overseer a portion of the crop raised as his compensation, thus making his compensation depend upon the quantity of produce raised, doubtless to excite him to greater diligence in the discharge of his duties. Such agreements have never been held to constitute a partnership as *between the parties themselves.*

In Dry v. Boswell, (1 Camp. 329,) the owner of a lighter agreed with a person to work it, and to receive for his services one half of the gross profits; held, that such agreement did not amount to a partnership. The cases of Turner v. Bissell, (14 Pick. 192,) and Vanderburgh v. Hall, (20 Wend. 70,) are analagous in principle to the case before us, and furnish illustrations of the distinction between a participation in the profits as profits, and sharing in the profits as a mode of compensation. But it is unnecessary to cite further authorities to this point. The books abound with cases even stronger than the one before us, where it has been held that the parties, *inter sese,* were not partners. See the cases cited in Loomis v. Marshall, 12 Conn. 69, and Story on Part. 68, note 1 to § 45.

3. The second special count is objected to for uncertainty. That sets forth " that in consideration that the plaintiff would furnish three hands, and feed and clothe said servants for the year 1844, and pay all of their expenses and work the same on the plantation of the defendant in Perry County, Alabama, and furnish provisions for himself and his family and said three hands, the lands and mules and horses of said defendant in the capacity of an overseer, he the said defendant agreed and promised to place on said plantation his hands, to wit, the hands owned by him, and live on said farm, and his mules and horses, and to furnish the said hands, &c., placed by him on said plantation with provisions, and said hands with clothing ; to pay all expenses of the said hands and mules and to let said plaintiff cultivate said farm until (*with*) said hands and mules so furnished as aforesaid by said plaintiff and said defendant, and raise a crop thereon in said year 1844, for which said defendant agreed and promised that said defendant should have and draw a part of the crop raised on said farm by said defendant with the said hands mules and horses in the year 1844, in *proportion* to the

said hands of said plaintiff so placed on said farm." The plaintiff then avers a compliance in all things on his part to be done by said contract; that he raised with the hands a specified amount of cotton, corn and fodder, his *reasonable share* of which was one third; but that the entire crop was received and used by the defendant. He then avers that one *fourth* part of the crop amounted to the sum of one thousand dollars in value, and that the defendant wholly refused to let him have his part of said crop, or to pay him the said sum, the value thereof.

Having thus copied literally the greater part of the count, let us see whether it is sufficient. Premising that the settled rule upon the subject requires that pleadings should not be insensible, repugnant, nor ambiguous or doubtful in meaning, and that while it is both the duty and pleasure of the courts to discourage mere technical objections, still, parties must be held to observe reasonable certainty, especially in the more substantial parts of the declaration which describe the cause of action. We think the contract, as it is set out in the count, is too vague and uncertain to be supported. What legal liability does the count impose upon the defendant? The plaintiff agrees to contribute three hands, and his services as overseer for the year 1844, and the defendant his plantation in Perry County, and the hands, mules and horses upon the same, each defraying the expenses incident to his several contribution, and, with their hands and stock thus furnished, to raise a crop under the supervision of the plaintiff as overseer in the year 1844. But the count, while it attempts to show that the crop was to be apportioned between the parties, is so vague in its allegations as to furnish no *data* for the division. It says, "*the defendant* should have and draw a part of the crop raised on said farm by said defendant with the said hands, mules and horses in the year 1844, *in proportion to the said hands of the said plaintiff* so placed on said farm." We suppose this is a clerical misprision, and that it should read, the *plaintiff* should have a part of the crop in proportion to the hands furnished by *him;* for otherwise the number of hands furnished by the plaintiff is made to represent the proportion to which the *defendant* shall be entitled, instead of each being entitled according to his contribution. But conceding the error, still we are not furnished with any data so as to enable us to arrive at the defendant's liability. If *he* is to share, or the plain-

Moore v. Smith.

tiff is to share, in proportion *to the hands respectively furnished* by them, the number of hands so furnished should be stated, so as to show that the defendant is liable for some specified amount.    The plaintiff proceeds to state, however, that one third of the crop was his *reasonable share.*    Now whether this is the *proportion* to which he is entitled, making the number of hands respectively furnished the criterion for the apportionment, or whether the pleader means that one third of the crop is a reasonable share, estimating the entire contribution by both parties, the services of the plaintiff and his three hands on the one side, and the hands, mules and horses, and farm, on the other, is left in doubt.    Whether, by the term " proportion," as stated in the contract, the plaintiff was to share according to the comparative relation which his hands bore to the *hands* of the defendant, or to the *entire contribution of the defendant*, embracing his horses, mules and plantation, is left in uncertainty.    He then avers that one *fourth* of the crop was worth one thousand dollars, and assigns as a breach the refusal of the defendant to allow him his portion of the crop, or to pay him for the one *fourth.*    Admitting, as the demurrer does, all the facts stated in this count to be true as stated, the pleader does not enable us to determine what he claims, or to what share of the crop the defendant should respond.    To sanction such a vague, ambiguous mode of declaring, would be to strike down the long established rules of pleading, and to involve the courts in embarrassment, while the administration of justice would be rendered uncertain.—See 1 Chitty's Pl., 261, 232, 236-7.    The court erred in overruling the demurrer to this count, and this error must reverse the cause.

The questions raised as to the variance between the allegations and the proof, it is unnecessary to notice, since, upon another trial, they may be avoided by the proper amendment.

Let the judgment be reversed and the cause remanded.