# SCOTT *vs.* CAMPBELL.

[ACTION ON PROMISSORY NOTE—SET OFF—PARTNERSHIP.]

1. *Action at law between partners.*—An action at law lies on a promissory note, given by one partner to his co-partner, on the formation of the partnership, for one half the value of the stock of goods furnished by the latter.

2. *What constitutes partnership.*—An agreement between two partners, on the dissolution of their firm, to the effect that one should take all the goods on hand, and the notes and accounts due the firm, and, in consideration of the other's interest therein, should pay all the outstanding debts of the firm, "and give him, from that time forward, one-third interest in the profits

arising from the sale of said goods;" the latter "agreeing to share one-third of the losses that might accrue from said sale of said goods, and to act as clerk in the sale of said goods" for the former,—constitutes them partners *inter sese.*

3. *Set-off at law.*—A demand accruing to defendant under a contract with plaintiff which constitutes them partners *inter sese*, is not available as a set-off at law.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by John A. Campbell against Marion M. Scott, and was founded on the defendant's promissory note for $1184 75, dated January 16, 1851, and payable one day after date, to the plaintiff or bearer. The only plea was the general issue, "with leave to give in evidence any matter that would be admissible under appropriate special pleas." The evidence in the case, all of which is set out in the bill of exceptions, consisted, on the part of the plaintiff, of the note sued on ; and, on the part of the defendant, of the plaintiff's answers to interrogatories under the statute, and certain articles of copartnership between them. The plaintiff's answers to the interrogatories disclose all the material facts, which were as follows :

"Defendant and plaintiff formed a co-partnership to sell goods, at Socopatoy, in 1851. Scott came to Socopatoy, and went into business, on the 6th January, 1851. The partnership was dissolved about the 1st April, 1852. Plaintiff put into the concern $2,779 49, in goods. Scott, at the formation of said partnership, paid plaintiff $200 in money, and gave him his note for $1184 75, (which is the note now sued on,) making in all $1389 75, for half of said stock of goods, and as his share of said capital stock; each thus putting in $1389 75 in goods. Said partnership was dissolved about the last of March, or the first of April, 1852, by mutual consent. The terms of dissolution were, that plaintiff was to take all the remaining stock of goods then on hand, and the notes and accounts due said firm ; which goods and accounts he kept. In consideration of Scott's interest in said goods, notes and accounts,

47

plaintiff agreed to pay the outstanding debts of said con-
cern. Scott received none of the accounts on said disso-
lution. Plaintiff further agreed, in consideration afore-
said, to give Scott, from that time forward, one-third
interest in all the profits arising from the sale of said
goods ; Scott agreeing to share one third of the losses
that might accrue from said sale of said goods from that
time, [and] to act from thence as plaintiff's clerk in the
sale of said goods. There was no agreement as to pay-
ing Scott anything for his services up to the time of
dissolution." The plaintiff further admitted that, under
this contract, the sum $266 66 was due to the defendant.

The court charged the jury, that if they believed the
evidence, they must find for the plaintiff, for the amount
of the note, with interest thereon ; to which charge the
defendant excepted, and which he now assigns as error.

MORGAN & MARTIN, for the appellant.

R. M. CHERRY, contra.

WALKER, J.—The fact that the note sued on was
given by the defendant for the purchase from plaintiff of
an interest in the stock of goods which was the basis of
the partnership at its commencement, does not deprive
the plaintiff of his remedy at law on the note, and render
it necessary for him to go into chancery.—Bumpass v.
Webb, 1 Stewart, 19. The plaintiff had, therefore, a
right of recovery upon the note, unless some ground of
legal defense against the note was made out for the de-
fendant. If there was any such ground of defense, it
consisted in a right of set-off, for a sum less than the
amount of the note, due to the defendant under the con-
tract which was proved by the plaintiff's answers to the
interrogatories propounded to him by the defendant.
Those answers acknowledge, that the defendant is entitled,
under that contract, to the sum of $266 66. Conse-
quently, the defendant was entitled to a set-off for that
amount, unless it was a demand not available at law; and
if that demand was the proper subject of a set-off at law,
the court erred in its charge to the jury. The fate of the

appeal, therefore, is suspended upon the single point, whether the defendant's demand could be enforced at law.

Under the contract admitted by the plaintiff, as the same is set out in his answers to the interrogatories, it is clear that the relation of partners existed between him and the defendant after the dissolution, not only as to third persons, but *inter sese*. If the agreement had been merely that the plaintiff should compensate the defendant for his services as clerk, by giving him one third of the profits, the relation of partners, as between themselves, would not have resulted; nor would such partnership have been inferred, from the fact that the defendant's compensation as clerk was to be determined by ascertaining how much one third of the profits, after the deduction of losses, would be.—Hodges v. Dawes & Co., 6 Ala. 215; Moore v. Smith, 19 Ala. 780; Ellsworth v. Tartt, 26 Ala. 736; Collyer on Partnership, §§ 44; Story on Partnership, §§ 48, 49. The evidence does not tend to show such a state of facts. The agreement that the defendant should have one third of the profits was not in consideration of his services as clerk, but of his interest in the debts and stock of goods. The plaintiff's statement is, that the agreement was "in consideration aforesaid;" and, looking back at a former part of the answer, it is seen that this consideration was the defendant's interest in the goods, notes and accounts due the firm. The defendant's agreement was, not simply that the losses should be deducted before his share of the profits was ascertained, but that he would share one third of the losses. Here, therefore, was an unqualified agreement to bear one third of the losses. It is clear that such an agreement produces a partnership, and the defendant must resort to a court of chancery to recover upon his demand. While it is plain that, upon the proof, the defendant is entitled to recover the sum of $266 66; it is equally plain that his remedy is in chancery, and not at law.

The judgment of the circuit court is affirmed.