# Randle v. The State.

### Indictment for Larceny of Bale of Cotton.

1. *Larceny of cotton bale; what is not.* — On the trial of an indictment for stealing a bale of cotton, if the proof shows that one of two bales placed together belonged to the defendants, and they intended to take their own, but it is doubtful which they did take, they ought to be acquitted.

2. *Contract between agricultural laborers and their employer, held no partnership.* — A contract between agricultural laborers and their employer, by which they share in the products of the farming and the expense of conducting it, does not constitute a partnership between them.[1]

FROM the Criminal Court of Dallas.

Tried before the Hon. GEO. H. CRAIG.

The defendants in this case, Ben Randle, and Cressey Randle, his wife, were jointly indicted for stealing a bale of cotton, which was alleged to be " of the value of more than one hundred dollars, the personal property of John F. Burns ; " were convicted of petit larceny, and fined fifty dollars each. The bill of exceptions purports to set out all the evidence adduced on the trial, but it is unnecessary to state it here in full, as the material facts are given in the opinion of the court. The written contract between said Burns and Ben Randle, which is referred to in the first charge asked and refused (and which purported to be signed by Ben for his wife and children), so far as material to a correct understanding of that charge, was in these words : " Said Ben Randle rented from Mrs. Perry this year thirty acres of land, more or less, for one and one half bales of cotton, the second gathered. Ben re-lets the land to the said Burns, and employs himself and family to said Burns, this year ; the land, crop, and everything on the place to be Burns's this year, and under his control only ; Burns to pay Mrs. Perry the second one and a half bales gathered ; Burns to take sixty bushels of corn, five hundred bundles of fodder, and two bales of cotton, 500 lbs. each, or 4000 lbs. seed cotton ; Ben to claim, or have, only what is made over said sixty bushels of corn, five hundred bundles of fodder, and three and one half bales of cotton ; Burns having furnished the place with corn, meat, flour, meal, molasses, and land-plaster, to the amount of $90, and a fine $200 mule, rent of which is worth at least $35, and for which Ben is responsible. Ben agrees to work obediently and faithfully, as a man should, and to take good care of Burns's property, and respect him and his orders, as is due an employer, and make his family do so, without cost. It is distinctly understood that no person shall interfere, molest, or move anything pertaining to said place or crop, except at their own risk ; and that no right is invested in Ben

---

[1] The head-notes of this case were written by SAFFOLD, J. — Rep.

[Randle v. State.]

to dispose of anything unless Burns orders. All the cotton-seed raised by Burns on all his places is his, to be moved only by his orders."

The defendants asked the court, in writing, to charge the jury : " 1st. That the contract in evidence shows a partner-ship between the defendants and said Burns ; 2d. That if they believed, from the evidence, that there is a probability of the defendants' innocence, they must acquit the defendants ; and, 3d. That if they believed the evidence, they must acquit the defendants." The court refused these charges, and the defend-ants excepted to their refusal.

SATTERFIELD & YOUNG, for the defendants.

BEN. GARDNER, Attorney General, contra.

B. F. SAFFOLD, J. — The appellants were indicted and convicted for grand larceny in stealing one bale of cotton, the property of John F. Burns. The following facts are proved : Cressey, the wife of Ben Randle, was given the use of three or five acres of land for cultivation, by H. W. Randle, the agent of Mrs. Perry. It was planted in cotton, and after the crop matured, the product was gathered and deposited in a room of her house. Afterwards this cotton was ginned and packed into one bale. There was another bale of cotton with it at the gin-house, but it is not satisfactorily shown how, pre-cisely, it came there. It may be conceded to have belonged to Mr. Burns. The defendants took one of the two bales, and carried it to Selma, claiming it as the property of Cressey. Burns also claimed it under a written contract with the defend-ant Ben Randle. This contract related alone to the renting and cultivation of another and different tract of land of thirty acres, and is a subletting by Randle to Burns of the land which he had rented from H. W. Randle, as agent for Mrs. Perry. It is manifest that the defendants intended to take only what they supposed to belong to Cressey, when they car-ried off the bale of cotton. The second and third charges asked by the defendants ought to have been given.

The first charge asked was properly refused. If the con-tracts made between agricultural laborers and their employers, by which they share in the products of the farming and the expenses of conducting it, are to be considered as the forma-tion of partnerships, carrying with them the attendant liabil-ities and responsibilities, such contracts would immediately cease. A contract is not a partnership *inter sese*, unless it is intended to be so. Of course, this intention is determinable from the writing, when the contract is written, or from its

[Thompson v. State.]

terms, when parol, according to circumstances. It is not a partnership, as to third persons, unless the terms of the agreement, under the circumstances, are well calculated to produce that conviction on third persons. No one can be imposed on by such agricultural agreements. They are well understood to merely provide a means of compensation to the laborers. *Moore* v. *Smith*, 19 Ala. 774.

The judgment is reversed, and the cause is remanded.