[Robinson v. Bullock.]

# Robinson *v.* Bullock.

### *Action for breach of Contract.*

1. *Contracts; when void for uncertainty.*—Agreements, verbal or written, which are so vague and indefinite in their terms, that the intention of the parties cannot be fairly and reasonably collected from them, are void, and courts will not undertake to give them effect.

2. *Same; how construed.*—Every contract is entitled to the reasonable construction of which it is susceptible, and which will render it operative rather than unavailing; the law leans against the destruction of contracts because of uncertainty. Hence, if a contract is silent as to the time of performance, the law presumes that performance must be had in a reasonable time; and whatever consequence and incident is, in common sense, appurtenant to its terms, the parties must have understood and intended, should be attached.

3. *Same; presumption; when complaint not demurrable; question for the jury.*— Where two parties entered into a contract, the one agreeing to erect and keep in operation a steam saw mill, for the time expressed, and the other to supply it with logs to keep it in operation—though the capacity of the mill is not expressed—it is to be presumed that they intended that the mill should be of a capacity reasonably adapted to carry into effect the object they had in view; and whether the mill is of such capacity is a matter of fact for the jury; a complaint, therefore, averring the erection of a mill of particular capacity, is not demurrable for uncertainty, for if it was not reasonably adapted to carry into effect the objects of the parties, that can be shown in defense

4. *Same; when complaint not demurrable, though contract, as alleged, appears uncertain, &c.*—Though the contract appear uncertain and of doubtful construction, yet the complaint was held not demurrable when it averred that a mill of particular capacity was erected at the request of the party demurring— the parties themselves thereby placing a practical interpretation on the contract which can well be adopted as its just construction, conforming to their intentions.

5. *Same; partnership not created by the contract; demurrer not aided thereby.*— Upon principles settled in *Moore v. Smith,* (19 Ala. 774), and approved in *Fail v. McRee,* (36 Ala. 61), it is held that the contract in this case does not create a partnership; nor would the demurrer be aided if such relationship were created between the parties.

6. *Same; when remedy at law exclusive.*—While it is a general rule that an action *ex contractu,* at law, is not maintainable between partners or partnership transactions, yet they may sue each other for the breach of distinct, positive stipulations binding on one only, contained in the partnership agreement. In such cases, the necessity of an account of the partnership transactions, not being involved, the remedy at law is generally exclusive.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JOHN HENDERSON.

The appellant, John L. Robinson, brought suit against appellee, D. A. Bullock, upon the following complaint: "The plaintiff claims of the defendant eighty thousand dollars for the breach of an agreement entered into by her on the 13th of November, 1865, in substance as follows, to-wit: 'The State of Alabama, Macon county. This memorandum of

agreement made and entered into this, the thirteenth day of November, A. D., 1865, between John L. Robinson, of the first part, and Mrs. D. A. Bullock, of the other part, both of said county and State, witnesseth, that for and in consideration of the fact that said John L. Robinson shall erect and put in order a steam saw mill, at or near Cross Keys, in said county, the said Mrs. Bullock agrees to furnish saw-logs to said mill for five years next ensuing the date of this instrument, said logs to be furnished daily to said mill or in such way as to keep the mill constantly running. Said Mrs. Bullock agrees, also, to furnish wood for running said mill; said Robinson also covenanting and agreeing to superintend said mill and the cutting and hauling stocks necessary for the supply of said mill. It is also understood and agreed between the parties that the lumber be equally divided between them at the mill, or the proceeds thereof be equally divided between them after sale of the lumber. In witness whereof, the said John L. Robinson and Mrs. D. A. Bullock have hereunto set their hands and seals. (Signed), J. L. Robinson, D. A. Bullock. *Attest:* W. B. Boyd, A. B. Fannin. (The saw mill is to be located upon the said D. A. Bullock's land, near Cross Keys, Macon county. *Attest:* W. B. Boyd and A. B. Fannin).' Yet, although the plaintiff has complied, on his part, with all the provisions, according to the stipulations of said agreement, and did erect and put in running order, a steam saw mill upon the lands of said defendant, near Cross Keys, in Macon county, Alabama, to-wit: with capacity to cut from eight to twelve thousand feet of lumber per day, and did erect houses and improvements, preparatory to the running of said mill and converting the saw-logs into lumber, in the county aforesaid, on the 1st day of June, 1868, at very great expense, to-wit: $20,000, and did, in all things, comply with his part of the said agreement, yet the defendant has failed to comply with the following provisions thereof, to-wit: 'The said Mrs. D. A. Bullock agrees to furnish saw-logs to said mill for five years, next ensuing the date of this instrument, said logs to be furnished daily to said mill, or in such way as shall keep said mill constantly running. Said Mrs. Bullock agrees, also, to furnish wood for running said mill.' The said defendant has failed to furnish saw-logs to said mill daily, for five years from the date of said instrument. Said defendant has failed to furnish saw-logs to said mill in such way as shall keep said mill constantly running. Said defendant, although often requested so to do, has failed to furnish saw-logs to said mill and wood for running the same, as by said agreement, to the damage of plaintiff, $80,000, for which he brings this suit." The com-

plaint contains a second count, averring in substance the same as above set out.

To said complaint the defendant demurred : 1st, because the contract, as alleged, is so indefinite and uncertain as to be wholly void ; 2d, because no sufficient breach is assigned ; 3d, because said contract constitutes a partnership between plaintiff and defendant, and no action at law can be maintained therefor.

The court sustained the demurrers on all of the grounds, save that of partnership, and the plaintiff filed an amended complaint, containing several counts, all of which aver substantially what is averred in the first complaint, with the additional averment that the said steam saw mill was, by agreement and understanding of the parties at the time, to be of a capacity to saw from 8,000 to 12,000 feet of lumber per day, and that plaintiff did erect a mill of such capacity, which was of the usual capacity and such as was agreed on and contemplated ; and that he did erect a steam saw mill of such capacity as was approved by said defendant, and was erected under the advice, consent and direction of defendant, and was approved by her after its erection ; and no objection was made by her to said mill.

The defendant demurred to the amended complaint on the same grounds as to the original, and the court sustained the same on all of the grounds, save that of partnership.

The rulings of the court below upon the demurrers, is now assigned as error.

G. W. GUNN, W. C. McIVER, and W. H. BARNES, for appellant.

DAVID CLOPTON, and F. S. FERGUSON, *contra.*

BRICKELL, C. J.—1. The principal ground on which the appellee relies to support the judgment of the Circuit Court, sustaining the demurrers to the complaint, is, that the contract set out in each count, is void for uncertainty. The uncertainty is supposed to lie in the failure to specify the capacity of the mill the appellant was bound to erect, or to state any fact or to introduce any provision from which the capacity could be inferred. Uncertain in this respect, as the quantity of logs the appellee was bound to furnish was dependent on the capacity of the mill, the duty resting on her is uncertain, and incapable of ascertainment. Agreements, verbal or written, so vague and indefinite in their terms that the intention of the parties cannot be fairly and reasonably collected from them, are void, and courts will not

undertake to give them effect, lest, instead of enforcing a contract the parties have made, they should make for them a contract into which they did not intend entering.—1 Chit. Con. 92. Of such contracts there are examples to be found in our decisions. In *Watson v. Byers*, 6 Ala. 393, on the presentation of an account, the defendant admitted that it was in part correct, without stating any particular part. The admission was unavailing to the plaintiff, because of its uncertainty. From it no just conclusion could be attained. In *Erwin v. Erwin*, 25 Ala. 236, the promise averred was that the defendant would assist the plaintiffs by advancing to, and indorsing for them, to enable them to carry on their mercantile business advantageously. The court said, "Conceding this to be a contract, it is so indefinite and uncertain as to be wholly void. The defendant was to indorse the plaintiff's paper, and to make advancements. When and for how much was he to indorse, and how often? How long should the obligation to indorse rest upon him? How much money was he to advance, and when, and on what securities, were the advances to be made? The contract is silent as to all these matters. If it be answered, that he was to advance enough to enable them to carry on their mercantile business, this does not aid the matter; for the question recurs, upon what scale is it to be carried on? The capital must bear some just proportion to the nature and size of the business to be carried on, and this is left wholly unsettled. It is clear, then, that no breach could be assigned upon it, which could be compensated by any criterion of damages to be furnished by the contract itself, and it is void for uncertainty." The promise averred in *Adams v. Adams*, 26 Ala. 272, was by a father to give his daughter "a full share of his property, which then and there was worth $25,000," and it was held void for uncertainty. But it was said if the promise was founded on a sufficient consideration, and was to make the daughter equal in property to his other children, it was good.

2. In these cases, from the words of the contract, it was impossible to collect a well defined intention the parties entertained and were bound to execute; nor were there consequences and incidents appurtenant to the words, which the parties must have understood and intended should have been attached. Every contract is entitled to a reasonable construction when it is fairly susceptible of it, and a construction which will render it operative, rather than one which will render it unavailing. The law does not favor, but leans against the destruction of contracts because of uncertainty.—1 Chit. Con. 159. Therefore, if a contract is silent

[Robinson v. Bullock.]

as to the time of performance, the law presumes that performance must be had in a reasonable time. So, if there is a contract for the sale of goods, and no time is provided for delivery, the law adds that delivery must be made within a reasonable time. Whatever consequence and incident is, in common sense, appurtenant to its terms, the parties must have understood and intended should be attached.

3. The parties to the present contract intended that the one should erect and keep in operation a steam saw mill for the time expressed, and the other should supply it with logs to keep it in operation. The capacity of the mill is not expressed, but is it not imputing to them either folly or fraud, not to presume that they intended it to be of capacity reasonably adapted to the carrying into effect the object they had in view? This is a consequence of, and an incident appurtenant to the terms of the contract which they must have understood and intended should be attached. Whether the mill was of that capacity is matter of fact to be determined by the jury from a consideration of the usages of the section in which the contract was made and to be performed, and from the relative situation of the parties, and the circumstances surrounding them when the contract was entered into. It seems plain it was contemplated, the logs were to be supplied by the appellee from her own lands, through a period of five years. Whether the mill was of proper capacity to saw these logs within that period, the jury alone can determine when the facts are before them. The appellant could not erect a mill which, if kept as the contract contemplates it should be, in constant operation, of capacity to exhaust this timber in one or two years, involving the appellee in the necessity of obtaining logs elsewhere. Nor could he erect a mill which was of such inferior capacity, that though constantly supplied with logs, would yield inconsiderable profit. A mill of capacity reasonably adapted to carry into effect the objects of the parties is contemplated by the contract. The counts of the original complaint, averring the erection of a mill of particular capacity, were not subject to demurrer for indefiniteness and uncertainty. If it was not reasonably adapted to carry into effect the objects of the parties, that can be shown in defense.

4. But if the contract was indefinite and uncertain, and of doubtful construction, the demurrer should not have been sustained to the counts of the amended complaint, which aver that a mill of particular capacity was erected at the request, or with the approval of the appellee. The parties themselves thereby placed a practical interpretation on the contract, and it can well be adopted as its true and just con-

struction, conforming to their intentions.—*Chicago v. Sheldon*, 9 Wall. 50. It is not necessary to notice the count which avers a parol agreement as to the capacity of the mill cotemporaneous with the execution of the contract.

5. Upon principles settled in *Moore v. Smith*, 19 Ala. 774, approved in *Fail v. McRee*, 36 Ala. 61, the contract does not create a partnership. Nor would the demurrer be aided if it had created the relation of partners between the parties.

6. While it is a general rule, that an action *ex contractu*, at law, is not maintainable between partners on partnership transactions, yet they may sue each other for the breach of distinct positive stipulations, binding on one only, contained in the partnership agreement. In such cases, the necessity of an account of the partnership transactions not being involved, the remedy at law is generally exclusive.—Gow on Part. 106; *Kinlock v. Hamlin*, 2 Hill, ch. 19; *Terry v. Carter*, 25 Miss. 168; *Bumposs v. Webb*, 1 Stew. 19; *Grigsby v. Nance*, 3 Ala. 347; *Scott v. Campbell*, 30 Ala. 728.

The judgment must be reversed and the cause remanded.