[Nelms v. McGraw.]

# Nelms *v.* McGraw.

*Bill in Equity for Settlement of Partnership Accounts.*

93   245.
100  364.

93   245
115  550

93   245
129  197

1.  *Assignments of error on interlocutory decree.*—An appeal is given by statute from an interlocutory decree sustaining a demurrer to a bill (Code, § 3612); and if no appeal is taken, and the bill is dismissed at the next term for want of prosecution, because of the failure to amend, the decree sustaining the demurrer may be assigned as error on appeal from the latter decree.

2.  *What constitutes partnership.*—An agreement between M. and N. providing, "substantially, that said M. was to erect and operate a saw-mill at his own expense, and N. was to deliver saw-logs at the mill, from his own lands or the lands of others, free of cost to M., except that M. was to pay for the cutting of the stocks; that N. was to pay one half of the expense of hauling the timber from the mill to the cars, and half of the expense of loading the cars; that each was to pay half of the freight charges, and share equally the other expenses attending sales of the lumber, and, subject to these charges, were to divide the proceeds equally," does not create a partnership *inter sese.*

3.  *Account between tenants in common.*—A court of equity will not entertain a bill for an accounting between tenants in common, where the matters of account are not complicated, and there is no necessity for a discovery.

APPEAL from the Chancery Court of Lee.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 24th June, 1890, by S. T. Nelms against C. T. McGraw; and sought the dissolution of an alleged partnership between them, and a settlement of partnership accounts, the complainant claiming that the defendant owed him at least $250. The terms of the partnership, as alleged in the bill, are stated substantially, and almost literally, in the opinion of the court. The defendant filed a demurrer to the bill, on these specific grounds: 1st, because the alleged agreement does not constitute a partnership between the parties; 2d, because complainant has an adequate remedy at law; 3d, because there is no equity in the bill; and he also submitted a motion to dismiss the bill for want of equity. At the July term, 1890, the chancellor sustained the first and second grounds of demurrer, but overruled the third, and he also overruled the motion to dismiss; and at the next term, in January, 1891, he dismissed the bill "for want of prosecution," as the decree recites, "the complainant failing to amend said bill." The appeal is taken from the decree dis-

missing the bill, and each of said decrees is here assigned as error.

, J. M. CHILTON, and B. K. COLLIER, for appellant.

HARRISON & LIGON, contra.

CLOPTON, J.—On July 23, 1890, being a day of the regular term of the court, the chancellor sustained the first and second grounds of demurrer to the bill. Complainant not having offered or asked leave to amend, the chancellor, at the January term, 1891, dismissed the bill for want of prosecution. From this decree the appeal is taken, and appellant assigns for error the decree sustaining the demurrer. Appellee insists that these assignments of error should be disregarded, on the ground that no appeal was taken from the decree sustaining the demurrer within the time prescribed.

Prior to the enactment of any statute authorizing it, an appeal did not lie from an interlocutory decree overruling or sustaining a demurrer, while the suit was still pending. The party was compelled to await the rendition of a final decree, before he could bring the rulings on the demurrer for revision. *Hightower v. Kennedy*, 11 Ala. 562. After a final decree was rendered, dismissing the bill because of failure to amend, whether resulting from inability or other cause, an appeal could be taken from such final decree, and on such appeal it was admissible to assign errors on the decree sustaining the demurrer. The consequence was, oftentimes, unnecessary delay and protraction of litigation, with incidental accumulation of costs, when a proper judgment on the demurrer would terminate the suit. To remedy this evil, the statute of March 20th, 1875, comprising section 3612 of the Code, was enacted. It affords the right of appeal from a decree overruling or sustaining a demurrer to a bill in equity, if the appeal is taken within thirty days after the rendition of the decree. The statute also provides, "But nothing in this section shall be so construed as to prevent an assignment of errors on such decrees, in appeals taken after the determination of the cause, if appeals are not taken under this section." Under the statute, the party may elect to take an appeal from the interlocutory decree, or wait until the final determination of the cause. If he elect the latter, the statute expressly reserves the right to assign errors on the interlocutory decree. The merits of the demurrer are properly before us for consideration.

Appellant, who filed the bill, seeks thereby the dissolution of an alleged partnership between him and defendant, and a settlement of the partnership accounts. The agreement,

[Nelms v. McGraw.]

which it is claimed constituted a partnership, is alleged in the bill substantially as follows : that · the defendant was to erect and operate a saw-mill at his own expense, and complainant to deliver at the mill 'saw-logs off his own lands or the lands •of others, free of cost to defendant, except payment for cutting the stocks; each party was to pay one half the expense of hauling the lumber from the mill to the cars and loading them, one half of the freight charges, and other expenses attending the sale of the lumber; and subject to these charges the proceeds to be equally divided.

The well recognized distinction between cases where the rights of third persons, who have dealt with the parties associated in business, are involved, and where the controversy is between the parties themselves, should be observed.   The determination, whether a contract, such as we are now considering, constitutes a partnership *inter sese*, or a mode of compensation for property or materials furnished by one party, or a tenancy in common of the product of the common enterprise, is often a question of difficulty.   The main question for consideration is the intention of the parties, legally ascertained; for a partnership as between the parties can not exist unless such be their intention.   The usual tests are, community of risks—mutual, though not equal participation in the profits and losses; but participation in the profits alone is not necessarily decisive proof of a partnership.   There are exceptions to the general rule.   A person may be interested in, or receive a part of the profits of a business, without becoming a partner.

The contract set out in the bill is uncertain and indefinite, as to the quantity of logs to be furnished, and the length of time and the relation of the parties not being expressed with precision.   On the one hand, defendant was to erect and operate a saw-mill at his own expense; on the other, complainant was to deliver at the mill saw-logs free of cost to defendant, except paying for cutting the stocks.   The common undertaking or enterprise was the production of lumber, in effectuating which there was no community of profit and loss; neither party was bound to contribute to the expenses or losses of the other.   The parties stipulated with each other for the performance of certain acts by each, without expense or cost to the other.   The fair and reasonable construction is, that the intention and understanding was, that complainant should be compensated for furnishing the saw-logs in the form of an equal share of the proceeds of the lumber.   This does not constitute them partners.   The general rule is, that sharing in the profits as a mode of compensatien for property fur-

nished, does not constitute a partnership between the contracting parties.—*Moore v. Smith*, 19 Ala. 774; *Fail v. McKee*, 36 Ala. 61; *Perrine v. Hankinson*, 11 N. J. L. 181. Neither is the provision that the proceeds of the lumber are to be divided, after paying the expenses of hauling and loading the cars, the freight charges, and the other expenses of selling, sufficient of itself to constitute them partners. *Hitchings v. Ellis*, 12 Gray, 449, is an analogous case. In that case, two parties agreed that one should, for three years, furnish lumber of a certain kind and quantity at a given place, and the other should manufacture it into doors and blinds, be allowed a certain price for each door, manage the business of selling them, and divide the profits, after payment of the freight and other expenses. It was held, that this did not make the parties partners *inter sese*.

On the foregoing principles, settled in this State in *Moore v. Smith, supra; Robinson v. Bullock*, 58 Ala. 618; *Mayrant v. Marston*, 67 Ala. 473, and *Taylor v. Bush*, 75 Ala. 432, we hold, that the agreement does not constitute a partnership between the parties.

Conceding that a court of equity has jurisdiction to compel an account between tenants in common, where one has received more than his share of the profits, the exercise of the jurisdiction is dependent on unadjusted complicated matters of account, or the necessity of a discovery. The bill shows neither. If the relation between the parties in respect to the lumber be that of a tenancy in common, on the facts alleged complainant's remedy at law is adequate.

Affirmed.