## PARISH'S ADM'R vs. GALLOWAY.

[BILL IN EQUITY FOR RECOVERY OF SLAVES, ACCOUNT, &C.]

1. *From what decree appeal lies.*—An appeal does not lie from a decree in chancery, dismissing a cross bill, and continuing the original cause.

APPEAL from the Chancery Court of Henry.
Heard before the Hon. WADE KEYES.

THE original bill in this case was filed by Eleazar Galloway, against William Parish and Roger Parish, who were the brothers of the complainant's wife, and sought, 1st, to recover certain slaves in the possession of said Roger, which the complainant claimed under a deed from Anna Parish, deceased, who was a sister of his wife; 2dly, to set aside as fraudulent an instrument of writing by which complainant released his interest in said slaves to said William Parish; 3dly, to enjoin an action at law for the recovery of said slaves, which said William Parish had instituted against said Roger Parish, and which was predicated on the said fraudulent release; and, lastly, an account of the hire of the slaves, and general

relief. The defendant Roger Parish filed a cross bill, setting up title in himself to the slaves as the administrator of Edward Parish, deceased, who was the father of said Anna, William and himself; insisting that, under the will of said Edward Parish, which was made an exhibit to the cross bill, said Anna Parish took only a life estate in the slaves, and, consequently, had no right to convey them .to the complainant; and praying that said deed from Anna Parish to the complainant, as well as the release from complainant to William Parish, might be canceled. The cause was submitted to the chancellor, by agreement of counsel, for decision on the single point involved in the construction of the will of Edward Parish; and he, being of opinion that Anna Parish took an absolute estate in the slaves under said will, and not merely an estate for life, dismissed the cross hill, .but continued the original cause. From this decree Roger Parish now appeals, and assigns as error the dismissal of his cross bill.

GOLDTHWAITE, RICE & SEMPLE, for appellant.

PUGH & BULLOCK, contra.

STONE, J.—A cross bill is one means of defense to an original bill, and, as a general rule, its fate is not necessarily decisive of the main suit. It may fail for want of necessary averments, or defect of proof, and still the complainant in the original bill may obtain no relief, for want of equity in his bill, or for a like defect of proof. See Andrews v. Hobson, 23 Ala. 219; Dill v. Shahan, 25 Ala. 694; Nelson v. Dunn, 15 Ala. 501; Daniel's Ch. Pr. 1742.

In this case, the chancellor dismissed the cross bill, and continued the case made by the original bill. This is not a final decree, under section 3016 of the Code. As well might it be contended, that a judgment of the circuit court, sustaining a demurrer to one of two or more pleas, and then continuing the cause, was a final judgment, as that this is a final decree. Indeed, there is no decree

whatever, on any phase of the case presented by the original bill.

This court has no jurisdiction of the appeal, and, *ex mero motu,* dismisses it.