WALLER *et al.*, Appellants, v. MARDUS *et al.*, Respondents.

1. The mere right of a widow to dower before an assignment to her is not such an interest or estate as can be levied on and sold under an execution against her or a subsequent husband; the dower must first be assigned to the widow.
2. Should the mere right of a widow to dower before assignment be levied on and sold under a judgment against a subsequent husband, the purchasers would not be creditors within the meaning of the thirty-first section of the dower act of 1845 (R. C. 1845, p. 435), or the thirty-eighth section of the dower act of 1855 (R. C. 1855, p. 676.)

*Appeal from Monroe Circuit Court.*

Demurrer to a petition. From the petition it appeared that Nathan H. Mardus died in the year 1853, seized and possessed of certain real estate, leaving a widow, Parmelia Mardus, and children. In 1855 said widow intermarried with Solomon Stickell. Certain creditors of said Stickell obtained judgments against him for debts contracted after said intermarriage, and executions were issued thereunder, and his interest in his wife's dower interest in said real estate was levied on and sold, and the plaintiffs became the purchasers. The plaintiffs pray that the dower interest may be assigned to them, and that commissioners be appointed to assign the same. The court sustained the demurrer.

*Carr & Pindall*, for appellants.

I. The widow continued in possession after the death of her husband. Her second husband continued in possession until the sale by the sheriff. She was entitled to possession until the assignment of dower. The estate was a freehold for life unless sooner defeated by the petition of some one of the parties named in the thirty-first section. (R. C. 1845, p. 435; 3 Halst. 129.) A widow may assign her dower right, and possession may be recovered by ejectment. (Stokes v. McAllister, 2 Mo. 163.) If she had become indebted during her widowhood, her creditors might have obtained judgment against her, and levied on and sold her interest. It

may be subjected to the payment of the debts of her second husband contracted after marriage. (2 Harr. & Gill, 443.) Upon the marriage to Stickell, he became seized, *jure uxoris*, of the freehold interest vested in her, and it became subject to the payment of his debts. (27 Mo. 140 ; 20 Mo. 271 ; Bright on Husband and Wife, 136 ; R. C. 1855, p. 740, 753 ; 16 Mo. 129 ; 17 Mo. 394, 519 ; 5 Blackf. 309 ; 2 Pick. 316 ; 2 Rand. 120.) The husband's interest in the wife's dower may be sold previous to an assignment. The plaintiffs became substituted by their purchase to all the equity and rights of the husband's creditors. They are brought within the meaning of the thirty-first section of the dower act. (Rankin v. Harper, 23 Mo. 579 ; Eddy v. Baldwin, 23 Mo. 588.) The sheriff's sale operated as an equitable assignment of Stickell's interest. Plaintiffs are substituted to the rights and equities of the husband. (4 Rawle, 468.)

*Howell*, for respondents.

I. The interest of the widow of Mardus was a mere right to have dower assigned. It was not a vested interest in specific land. It is not averred in the petition that the land was the mansion house of the former husband, or the messuages or plantation thereto belonging. She had no right of possession. There was no assignment to the widow. Besides, it is not her interest that was levied on and sold. It was that of her husband. (10 Mo, 746 ; 14 Mass. 378 ; 5 Greenl. 479 ; 1 Co. Litt. 584 ; R. C. 1855, p. 672, 676, § 21, 38.)

SCOTT, Judge, delivered the opinion of the court.

This is a suit, by purchasers under an execution at a sheriff's sale, against a former widow and her husband, to have her dower in her first husband's estate assigned to them. N. H. Mardus was seized of lands, and died, leaving Parmelia Mardus his widow, who was entitled to dower in his estate, but which was never assigned to her. She, Parmelia, intermarried with the defendant Solomon Stickell, who during the marriage contracted debts for which he was sued, and,

judgment having been recovered, afterwards executions issuing to Monroe county, Mrs. Stickell's dower interest in her former husband's estate was sold, and the plaintiffs became the purchasers. On these facts judgment was rendered against the plaintiffs.

The wife being seized of a life estate in her own right, her interest may be sold for debts contracted by her husband during the coverture for so long a time as the marriage may subsist. But it is well settled that until dower is assigned the widow has no estate in the land for which an ejectment may be maintained, or which can be sold under execution. Her interest, until dower is assigned, is a mere chose in action. Whether she could by a voluntary assignment of this chose in action enable her assignee to sue in equity to have the dower assigned is not a question involved in this case. By the statute in force at the time of the first husband's death, and which still is the law, a creditor of the widow or of her husband may have her dower assigned. But the plaintiffs can not be regarded as creditors within the meaning of the act. The law will not suffer the widow's dower to be assigned in a way which in many cases may prove detrimental to her. If the dower interest is permitted to be sold under execution before it is assigned and the purchaser shall be compelled to go to law in order to have it allotted to him, the uncertainty whether it would ever be assigned would inevitably cause a diminution of price, which would not occur if the dower was assigned before the sale took place. To sell the right of dower at public auction and then have it assigned, the purchaser taking the risk whether it will be assigned or not, would generally cause a sacrifice of it. The creditor should have the dower actually assigned before it is sold.

The plaintiffs, who were purchasers at the sheriff's sale, can not be regarded as assignees of the interest and entitled therefore to go into equity to have the dower assigned to them. Besides the objection above stated to a sale of dower before it is assigned, the interest of the widow being such

that it could not be sold under execution, it is impossible that the plaintiffs could have acquired any right under the sheriff's deed, as it was merely void. Although the plaintiffs may have given its value for the dower interest in this case, yet, as our experience teaches us that such a mode of disposing of dower must produce sacrifices, the rule must be uniform, and it can not be made to depend upon the amount realized by the sale. The purchasers can not be regarded as creditors and be substituted in place of the plaintiffs in the execution, as the right to substitution, which is founded on equitable principles, can not be claimed when its allowance would contravene the policy of the law. There should be legislation on this subject such as would protect innocent purchasers at sheriff's and other public sales from loss when the title to the property which they have bought fails, or there is a defect in the conveyance of the sheriff or other agent, which renders it void. In cases free from fraud and from all design to overreach, there would be justice in permitting the innocent purchaser to be substituted to the amount of his bid in the place of the execution or other creditor.

There is nothing in the record which shows that the widow was entitled to quarantine in the land, for which, under our statute, she would have been entitled to maintain an ejectment.

The judgment is affirmed; the other judges concurring.