## BROOKS vs. WOODS.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN FOR PURCHASE-MONEY OF LAND; CROSS BILL BY PURCHASER'S WIDOW FOR ASSIGNMENT OF DOWER.]

1. *Jurisdiction of equity to assign dower.*—The rule is settled, that courts of equity will, in all cases, entertain concurrent jurisdiction with courts of law in the assignment of dower.

2. *When appeal lies.*—Where a bill is filed to enforce a vendor's lien for the unpaid purchase-money of land, against the widow, personal representative. and heirs-at-law of the deceased purchaser, and the widow files a cross bill for an assignment of her dower in the lands, an appeal lies from a decree dismissing her cross bill.

3. *Assignment of dower under cross bill, on bill filed to enforce vendor's lien.*—Although the vendor's lien for the unpaid purchase-money of land is superior to the right of the purchaser's widow to dower in the lands; yet she may maintain a cross bill for an assignment of her dower, where the original bill is filed to enforce the vendor's lien because she is entitled to an account of the rents and profits, and has a right to appropriate them to the discharge of the lien, or to discharge it in any other manner.

4. *Vendor's lien paramount to widow's dower.*—Where the purchaser gives his notes, without security, for the agreed price of the land, and the vendor conveys the title to him by deed, the vendor's lien on the land for the unpaid purchase-money is superior to the right of dower on the part of the purchaser's widow.

APPEAL from the Chancery Court of Calhoun.
Heard before the Hon. S. K. McSPADDEN.

THE original bill in this cause was filed, on the 23d November, 1863, by Alexander Woods, against the widow, personal representative, and heirs-at-law of Benjamin A. Brooks, deceased; and sought to enforce a vendor's lien for

the unpaid purchase-money of several town lots in Jacksonville. The lots were sold to said Brooks, in December, 1860, by Philip Beacham ; and a deed, conveying the title to him, was executed by said Beacham and wife. The agreed price of the lots was twelve hundred dollars, for which Brooks gave his three notes ; one for two hundred dollars, dated December 25, 1860, payable twelve months after date ; one for one hundred and sixty-eight dollars, dated December 28, 1860, and payable two months after date ; and one for eight hundred and thirty-two dollars, dated the 28th December, 1860, and payable on the 24th November, 1861. On the day of its date, Beacham assigned the last note, for valuable consideration, to said Alexander Woods ; and, on the 20th June, 1863, also transferred to him the other two notes, " on which several small payments had been made ;" and Woods filed his bill to enforce the lien, as the assignee of the notes. Said Brooks died in September, 1861, intestate, leaving no children or descendants. Letters of administration on his estate were granted, by the probate court of the county, to Gabriel B. Douthitt ; and said administrator took possession of the lots, and rented them out under the orders of the probate court.

The widow filed her answer to the original bill, on the ·27th June, 1864 ; and on the same day a decree *pro confesso* was taken against the other defendants. On the 30th June, 1864, the widow filed her cross bill in the cause, claiming her dower in the lots, and praying that it might be allotted and set apart to her, that an account might be taken "of the rental value of said premises," and that the administrator be required to pay over to her "the share to which she may be entitled ;" and the general prayer, for other and further relief according to the nature of her case, was added. The defendant Woods filed an answer to the cross bill, and also a demurrer for want of equity. The chancellor sustained the demurrer, and dismissed the cross bill ; and his decree is now assigned as error. The transcript does not contain the original bill, nor any of the proceedings connected with it. There is a joinder in error on the part of the appellees.

M. J. Turnley, for appellant.
Ellis & Forney, *contra.*

BYRD, J.—1. It is laid down as a general rule, that courts of equity will entertain concurrent jurisdiction with courts of law in the assignment of dower in all cases. This has been questioned, but the weight of authority sustains the rule.—1 Story's Equity Jur., § 624 ; *Owen v. Slatter,* 26 Ala. 547.

2. The appellee joins in the assignments of error, and this case is not like that of *Parish Adm'r v. Galloway,* 34 Ala. 163.

3. The right of a widow to dower in the lands of the husband is said to be founded on three consecutive events— marriage, *seizin,* and the death of the latter. These the bill alleges, and shows a right to dower in the lands described. Conceding that the lien of the vendor is superior to the right of the dowress, in the event she fails to show such a beneficial seizin of the vendee during his life as will make her right superior to the lien of the vendor, still, she is entitled to dower as against all the world, except the vendor, or his assignee; and although she sets up her claim as superior to his, yet, if she fails to make that good, she will be entitled, after the lien is discharged, to dower in the surplus, if there should be any ; and she is also entitled in equity to an account of the rents and profits from the administrator, or the parties who received them ; (*Boynton v. Sawyer and Wife,* 35 Ala. 500, and authorities cited in this opinion ;) and may appropriate so much thereof as she may be entitled to, in discharge of the lien, or she may discharge it in any other mode, and thereby perfect her right to dower in the land. The cross bill therefore has equity.

4. We feel constrained to hold, that if the vendee gave his promissory notes, without any security whatsoever, to the vendor, for the consideration money of the purchase ; and the vendor thereupon executed a deed, conveying the title to the land to the vendee, without any waiver of his lien, then or subsequently, which would be binding on him, the right of the widow of the vendee would be subordinate to the lien of the vendor or his assignee. The current of

American authorities is too strong in that direction for us to resist them.—Scribner on Dower, 530; Willard's Equity Jur. 697; Hilliard on Mortgages, 631, § 29; 2 Story's Equity Jur., §§ 1217, 1218; 4 Kent, 50–3; *Warner v. Van Alstyne*, 3 Paige, 513; *Wilson v. Davidson*, 2 Rob. (Va.) 384; *Bisland v. Hewett et al.*, 11 Sm. & Mar. 164; *McClure v. Harris*, 12 B. Mon. 264; *Firestone v. Firestone*, 2 Ohio (N. S.) 415; 42 N. H. 296.

It is unnecessary to cite further. In this State, this question, in its present form at least, has never been adjudicated. It is true that, in the case of *Eslava v. Lepretre*, (21 Ala. 504,) there is an expression used in the opinion, which, when applied to the facts of that case, would indicate, that this court then held that the vendor's lien was subordinate to the right of the widow to dower, as to that part of the land which the mortgage in that case did not reconvey to the vendor. But this question was not necessarily involved in the decision of that cause, and, even if it were, the reasoning in the cases of *Edmonson v. Montague*, (14 Ala. R.,) and *Burns v. Taylor*, (23 Ala. 268,) and *Harrison v. Boyd*, (36 Ala. 533,) is favorable to the conclusion, that the vendor's lien is superior to the right of the dowress.

A deed of conveyance in fee to, accompanied with possession of, the vendee, constitutes, in this State, a *seizin* in him, within the meaning of section 1354 of the Code, which prescribes in what real estate of the husband the widow is entitled to dower. And by the strict rule of the common law, such a seizin was sufficient to entitle her to dower against all persons, except such as had a superior *title*. I have found no case or authority in which such a lien as this has been held to be superior to the right of a dowress in England. But the weight of American authorities may now be held to be conclusive, wherever the lien of the vendor is recognized by law, as a valid incumbrance, *after* the vendor conveys the legal title.

It seems to us that it would have been more in harmony with the principles of the common law to have held, that whenever a vendor conveyed the title, and put the vendee in possession, thereby creating a seizin *in law* and *fact*, he

34

by his own act invested the vendee with such *a title* and *seizin* as entitled the widow of the latter to dower, discharged of the incumbrance. Many difficult questions which arise under the rule adopted, would then have been avoided, or easily solved.

It appears from the cross bill, that a part of the purchase-money has been paid. If, upon a sale of the land, it should bring more than enough to pay the balance of the purchase-money, in the event it is held upon the proof to be subject to the payment thereof, a question may arise, whether the appellant is entitled to share in the surplus proceeds of the sale as personalty or realty. The better course would be, to sell the lots separately, if it can be done advantageously, until a sufficient amount is raised to pay the balance due to the vendor, and allot dower in the remainder to the appellant. If the proceeds of the sale should exceed the amount of the purchase-money still due, then the cases hereinbefore cited will show to what interest the appellant is dowabl e and if she, or the administrator of the husband, or both, should discharge the lien, or any part of the purchase-money, the same cases will furnish a rule for the court in the allotment of dower.

It results that the decree of the chancellor, dismissing the cross bill of appellant, must be reversed, and the cause remanded, at the costs of the appellee Woods.