# Winn *v.* Dillard.

### *Motion to dismiss Appeal.*

1. *Appeal from ruling on demurrer to cross-bill; what authorizes.*—The terms and policy of the "act to authorize appeals to the Supreme Court in certain cases," approved March 20, 1875, authorizing an appeal from "any decree" sustaining or overruling a demurrer to a bill in equity, are sufficiently broad to authorize an appeal from similar rulings on a cross-bill.

2. *Appeal; what does not authorize appellate court to consider.*—Where the register's certificate takes no notice of an appeal, although security for costs of appeal has been given and approved within proper time, this court will not notice such appeal.

This was a motion to dismiss an appeal from a decree on demurrer to a cross-bill.

SNEDICOR & COCKRELL, for motion.

———— ————, *contra*.

STONE, J.—Motion is made by appellee to dismiss the appeal taken in this cause from the chancellor's ruling on the cross-bill, because there is no final decree in the cause. Under the statute approved March 20, 1875—Pamph. Acts, p. 189—we do not consider this point well taken. We hold that the provision for appeal from a decree "sustaining or overruling a demurrer to a bill in equity," &c., as provided in that statute, is broad enough in its terms and policy to authorize an appeal from such ruling on a cross-bill.

Whether, in the absence of that statute, an appeal would lie to this court from a decree finally disposing of a cross-bill, but leaving the original bill undisposed of, is a question which has been decided both ways by this court.—See

[Davis Avenue Railroad Company v. Patrick Mallon.]

*Parish v. Galloway,* 34 Ala. 164; *Brooks v. Woods,* 40 Ala. 540.

There is, in the present record, a security for costs of appeal from the ruling of the chancellor on the demurrer to the original bill, which seems to have been given and approved in time. But the register's certificate takes no notice of such appeal. That appeal is not before us, and, in the present state of the record, can not be considered by us.

Motion to dismiss appeal overruled.