MARY LEONARD, APPELLANT, *v.* WILLIAM GRANT, ADMINISTRATOR OF THE ESTATE OF D. G. LEONARD, RESPONDENT.

DOWER—ADMINISTRATOR—POSSESSION OF ESTATE.—A widow is not entitled, immediately on the death of her husband, to receive one third of the rents and profits of the lands of which he was the owner and died seised, in right of her dower interest therein, but the executor or administrator of the estate is entitled to the possession and control of the same, and to receive the rents and profits thereof, to be applied to the satisfaction of claims against the estate.

APPEAL from Wasco County.

D. G. Leonard died intestate on the sixteenth day of January, 1878, leaving the appellant his widow. At the time of his death, he was seised in fee of certain real estate in Wasco county, upon which was a bridge across John Day river. He was then largely indebted, and on the thirteenth of April, 1878, the respondent was appointed administrator of his estate. As such administrator, he sold the real estate for the purpose of paying the debts against it, and the sale was made, subject to the widow's right of dower. Between the time he was appointed administrator and the time when he sold the real estate, he received as such administrator the sum of one thousand eight hundred and seventy-three dollars, mainly from the crop of grain which the decedent had sown, and tolls received from persons passing over the bridge. The amount so received was applied by the respondent to the payment of the debts due by the decedent. The appellant now claims that one third of this sum of one thousand eight hundred and seventy-three dollars, to wit, six hundred and twenty-four dollars, belongs to her in right of her dower interest in the said real estate, and this action was brought to recover that amount.

*John Catlin,* for appellant.

*N. H. Gates,* for respondent.

By the Court, KELLY, C. J.:

The appellant claims that in right of her dower interest

in the lands of the deceased husband, she is entitled to the one third of the rents and profits thereof, which the respondent received from the time he became administrator until he sold the lands to pay the debts of the decedent. The respondent contests her claim, and alleges that he was entitled to receive such rents and profits in the due course of administration. The first section of the act of January 16, 1854, declares " that the widow of every deceased person shall be entitled to dower, or the use during her natural life, of one third part of all the lands whereof her husband was seised of an estate of inheritance at any time during her marriage, unless she is lawfully barred thereof." In an action against the heirs of her husband to recover her dower, if the same has been withheld from her, she is entitled to recover damages for withholding such dower. " Such damage shall be one third of the annual value of the mesne profits of the lands in which she shall so recover her dower, to be estimated, in a suit against the heirs of her husband, from the time of his death," etc. (Civil Code, sec. 25, p. 587.)

The act of October 11, 1862, provides that " the executor or administrator is entitled to the possession and control of the property of the deceased, both real and personal, and to receive the rents and profits thereof, until the administration is completed, or the same is surrendered to the heirs or devisees by order of the court or judge thereof," etc. (Code, sec. 1088, p. 324.) The real property of the deceased is the property of those to whom it decends by law, or is devised by will, subject to the possession of the executor or administrator, and to be applied to the satisfaction of claims against the estate, as by this chapter provided." (Code, sec. 1160, p. 337.)

The counsel for appellant admits that the respondent was entitled to the possession and control of the property of the deceased, both real and personal, and to receive the rents and profits thereof, to be applied to the satisfaction of claims against the estate. But he contends that this does not include the widow's estate of dower in the lands of which her husband died seised; and that she was entitled

to the one third of the rents and profits thereof, immediately after his death, in right of her dower interest therein. This is not our construction of the law. Before the assignment of dower the widow has no estate in the lands of her husband. Until that time her right is strictly a claim, a mere chose in action. She is not seised of any part of the lands on the death of her husband, by any right of dower until it is assigned to her. (*Lawrence* v. *Miller*, 2 Comstock, 245; 1 Washburne on Real Property, 222, 251, 254; Greenleaf's Cruise, vol. 1, tit. Dower, c. 3 and note.) As there was no assignment of dower to the appellant, she had no estate whatever in the lands of which her husband died seised, and was not entitled to the possession of any part of it; and necessarily, therefore, the respondent became entitled to the possession and control of all the lands which the decedent owned at and immediately preceding his death. And he was required by law to apply the rents and profits thereof to the payment of claims against the estate. The act of October 11, 1862, sections 1094 to 1097, p. 325 of the code, makes provision for the support of the widow and minor children, if any, of the deceased, out of the property which belongs to his estate, and which comes to the possession of the executor or administrator. We are of opinion that this provision to be supported out of the estate of the decedent, was intended by the legislature to be in lieu of dower to the widow, and that she is not entitled to an assignment of her dower in the lands of her husband, until the administration is completed, or the same is surrendered to the heirs or devisees, by order of the probate court.

The judgment of the circuit court is therefore affirmed.