# Barclay, Assignee, *et al. v.* Spragins, Administrator.

*Appeal from Interlocutory Decree Sustaining Demurrer to Cross-Bill.*

1. *Appeal from interlocutory decree sustaining demurrer to cross-bill; when does not lie.*—An appeal does not lie from an interlocutory decree sustaining a demurrer to a. *cross-bill,* without an order dismissing it ; and such appeal will be dismissed by the court *ex mero motu,* notwithstanding a joinder in error. (Overruling *Brooks v. Woods,* 40 Ala. 538).

APPEAL from Madison Chancery Court.
Heard before the Hon. S. K. McSPADDEN.
The bill in this cause was filed by appellee as the administrator *de bonis non* and *cum testaments annexo* of Samuel W. Coon, deceased, seeking to enforce a charge of three thousand dollars upon lands devised by his testate, Samuel W. Coon, to Mildred A. Barclay for life, subject at her death to said charge

of three thousand dollars to be paid to the personal representative of said Coon, for the benefit of his estate. The bill alleges the death of said Mildred A. Barclay, and the demand by complainant of the heirs-at-law and distributees of said testate for the payment of said sum, but that said heirs-at-law are in possession of said land, refuse to pay said sum, or to surrender the possession of said land to complainant, and that they own no property or estate subject to complainant's claims, except the said devised lands.

The bill prays for a decree establishing a lien upon said land for $3,000.00, with interest, and that the same might be sold for the payment of said sum. Defendants answered the bill, and one Alfred F. Barclay filed his petition asking to come in as a party defendant, and propounds a claim to one-third interest in the lands in controversy, as the assignee in bankruptcy of Anderson M. Barclay, who, it is alleged owned said interest unaffected by the charge sought to be fixed upon the whole of said lands by the will of complainant's testate. Said Barclay, answering, prays that his answer may be taken as a cross-bill against complainant. To this answer and cross-bill appellee demurred, assigning a number of grounds of demurrer, and also moved to dismiss said cross-bill for want of equity. The chancellor sustained the demurrer, and from this action or ruling this appeal is taken.

R. W. WALKER, for appellant.

D. D. SHELBY and R. E. SPRAGINS, contra.

SOMERVILLE, J.—The appeal in this cause is taken from an interlocutory decree of the chancellor sustaining a demurrer to a cross-bill, without any order of dismissal or other disposition of it.

Such a decree is manifestly interlocutory and not final, and no appeal from it will lie to this court, unless it can be sustained as coming within the influence of section 3918 of the present Code. In Parish's Adm'r v. Galloway, 34 Ala. 163, it was held that an appeal would not lie from a decree dismissing a cross-bill and continuing the original cause, because such a decree is not final. The case of Brooks v. Woods, 40 Ala. 538, where such an appeal was sustained, on the ground that the appellee had joined in the assignment of error, was decided without proper consideration, and can not be sustained. The question is jurisdictional, and consent can not confer jurisdiction on the subject-matter, in matters appellate, any more than in those original.

[Barclay, Assignee, et al. v. Spragins, Adm'r.]

There are but three classes of interlocutory decrees from which appeals are now authorized to be taken under section 3918 of the Code of 1876: (1.) Decrees sustaining or overruling a demurrer to a bill in equity. (2.) Decrees sustaining or overruling a plea to such bill. (3.) Decrees sustaining or overruling a *motion to dismiss* such bill for want of equity. Code, §§ 3918, 3916.

A cross-bill, in our opinion, is not "a bill in equity" within the meaning of the statute. The reference is very clearly to original bills. The purpose of the statute is to facilitate the speedy decision of chancery causes, and to diminish the costs of litigation, a large portion of which accrues from the taking of testimony.— *Winn v. Dillard*, 60 Ala. 369; *Hightower v. Kennedy*, 11 Ala. 362. It is not intended unnecessarily to multiply appeals, nor would the most liberal view of it authorize a construction which would split up a chancery cause and adjudicate its equities by piece-meal. Hence the nature of the interlocutory decrees from which appeals are authorized. They go to the merits of the whole cause, and not a mere fractional part of it. If the bill states the true case, as must be presumed on demurrer or motion to dismiss for want of equity, an interlocutory ruling may result in ending the litigation, in the absence of any amendment made or proposed by the party losing. So with a ruling on the sufficiency of a plea, which is tested by demurrer.

These reasons have no application to a cross-bill, which often is only a mode of defense to the original bill, and the fate of which is not necessarily decisive of the main suit. "It may fail for want of necessary averments, or defect of proof, and still the complainant in the original bill may obtain no relief for want of equity in his bill, or for a like defect of proof." *Parish v. Galloway*, 34 Ala. 163, *supra*.

We are of opinion that an appeal from a decree sustaining a demurrer to a cross-bill is not authorized by section 3918 of the Code. The case of *Winn v. Dillard*, 57 Ala. 167, holding a contrary view, is hereby overruled. We have no jurisdiction of the appeal, and must *ex mero motu* dismiss it.