# Jones *v.* Woodstock Iron Co.

*Appeal from Decree on Demurrers to Cross-Bill.*

| 90 | 545 |
| --- | --- |
| 96 | 178 |
| 90 | 545 |
| 103 | 544 |
| 90 | 545 |
| 108 | 309 |
| 90 | 545 |
| 120 | 659 |
| 121 | 675 |
| 90 | 545 |
| 123 | 640 |

1.  *When appeal lies.*—An appeal does not lie (Code, §§ 3611–2) from a decree sustaining demurrers to a cross-bill, but making no final disposition of it.

APPEAL from the City Court of Anniston, in equity.
Heard before the Hon. B. F. CASSADY.

PARSONS & DARBY, GORDON MACDONALD, and KELLY & SMITH, for appellant.

KNOX & BOWIE, and CALDWELL & JOHNSTON, *contra.*

STONE, C. J.—The defendants in the original bill, Alice C. Jones *et al.*, filed a demurrer thereto, assigning grounds of demurrer. They also answered the bill, and made their answer a cross-bill. To the cross-bill there was a demurrer, assigning many grounds. The cause being submitted to the court on the several demurrers to the original and cross-bills, decretal orders were separately rendered, overruling the demurrer to the original bill, and sustaining eighteen of the nineteen grounds of demurrer filed to the cross-bill of Alice C. Jones *et al.* Jos. A. Jones, one of the defendants to the original bill, had filed a separate cross-bill, to which a demurrer was sustained, and his cross-bill was dismissed. No final decree has been rendered on any phase of the case, save the dismissal of the cross-bill of Jos. A. Jones.

An appeal was taken to this court by some of the complainants in the Alice C. Jones cross-bill, which is evidenced only by the appeal bond, or security for costs, and by the certificate of appeal. The latter does not show from what the appeal was taken. The former, or security for costs, describes it as "an appeal this day taken to the Supreme Court of Alabama, by Alice C. Jones and the other complainants in the cross-bill filed by them in the cause above stated. The appeal is taken from the City Court of Anniston, sustaining demurrers to said cross-bill."

We hold that this appeal brings up only the rulings on the cross-bill; first, because the security for costs says so in terms;

35

and, second, any ruling of this court, and the result of it, which should go beyond the questions raised by the demurrer to the cross-bill, would be outside of the stipulations of the bond, and the sureties could not be charged for any costs that might be adjudged on such outside question or questions.—2 Brick. Dig. 374, § 18; *City Council v. Hughes,* 65 Ala. 201.

The appeal being only from the rulings on the cross-bill, it can not be entertained.—*Barclay v. Spragins,* 80 Ala. 357.

Appeal dismissed.