# Nabers, Receiver, v. Morris Mining Co.

*Petition to be allowed to Intervene in a Pending Suit, and to propound Claim for Damages.*

1. *Interlocutory decree from which appeal does not lie.*—Where a petition is filed to be allowed to intervene in a pending suit, and to propound a claim for damages against one of the parties thereto, the denying of the motion to dismiss said petition and overruling a demurrer

[Nabers, Receiver v. Morris Mining Co.]

thereto is not such an interlocutory decree from which the right of appeal is given by statute (Code, § 3612); and an appeal from such decree will be dismissed by the appellate court *ex mero motu*; and consent of parties cannot confer jurisdiction upon appellate court.

APPEAL from the City Court of Birmingham.

Heard before the Hon. H. A. SHARPE.

The appellee, Morris Mining Co., filed its petition in the cause of *W. T. Underwood, et al. v. Joseph B. Wolfe*, pending in the city court of Birmingham, sitting in equity, praying to be allowed to intervene in said cause, and propound its claim for $109,000, as damages for the alleged breach of a contract made and entered into by and between the said Morris Mining Co. and the Mary Pratt Furnace Co., a corporation which had been dissolved by a decree rendered in the above named case, and a large part of whose assets was alleged to be in the custody of Z. L. Nabers, who had been appointed receiver in said cause. The receiver moved to dismiss the petition and demurred thereto on various grounds. The other appellants moved to dismiss the petition and demurred thereto, on substantially the same grounds as assigned by the receiver. The court overruled the motions to dismiss the petition and the demurrers thereto, and the appellants prosecute this appeal under section 3612 of the Code of 1886. The appellees did not move to dismiss the appeal, but as stated in their brief, this court consenting, waived the question as to whether the proceedings in this case are such as authorize an appeal.

GARRETT & UNDERWOOD, for appellants.

LANE & WHITE, ARNOLD & EVANS and JAMES WEATHERLY, *contra*.

HEAD, J.—We are compelled to dismiss this appeal, *ex mero motu*, upon the authority of *Clark v. Spencer*, 80 Ala. 345; *Barclay v. Spragins, Ib*. 357, and *Jones v. Woodstock Iron Co.*, 90 Ala. 545, which are directly in point. The statute not authorizing the appeal, we have no jurisdiction of the subject-matter; and consent can not confer it.

Appeal dismissed.