# Richardson v. First National Bank of Gadsden.

### *Bill in Equity to Foreclose a Vendor's Lien.*

1. *Jurisdiction on appeal conferred only by statute.*—This court has no jurisdiction to entertain an appeal not authorized by the statute, and jurisdiction cannot be conferred by consent of parties, or by joinder in error, and when an appeal is not authorized by statute, it will be dismissed *ex mero motu.*
2. *Interlocutory decrees, when appealable.*—The statute authorizes an appeal from only three classes of interlocutory decrees, namely, decrees sustaining or overruling a demurrer to a bill in equity, decrees sustaining or overruling a plea to such bill, and decrees sustaining or overruling a motion to dismiss the bill for want of equity. A decree striking from the file a demurrer incorporated in the answer will not support an appeal.

APPEAL from Gadsden City Court.

Tried before Hon. JNO. H. DISQUE.

The bill was filed to foreclose a vendor's lien. The facts presented by the appeal are stated in the opinion.

BURNETT & CULLI, and S. W. JOHNSON, for appellants.

DORTCH & MARTIN, *contra.*

BRICKELL, C. J.—The appellant filed a demurrer to the original bill in this cause, and a decree was rendered overruling the same. Subsequently an answer was filed

in which was incorporated a demurrer to the bill specifying many grounds of objection not contained in the original demurrer. A motion was made to strike from the file the demurrer incorporated in the answer, and a decree was rendered granting the motion and striking the demurrer from the file, the decree stating, "the court having heretofore ruled upon said demurrer, overruling the same." No final decree was rendered, so far as the record shows, and although the overruling of the original demurrer is assigned as error, it clearly appears that the only decree from which the appeal is prosecuted is that striking from the file the demurrer incorporated in the answer. This court has no jurisdiction to entertain an appeal not authorized by the statute, and jurisdiction cannot be conferred by consent of the parties, or by joinder in error, and when an appeal is sued out from a decree from which no appeal is authorized by statute, it will be dismissed *ex mero motu.*—*Barclay v. Spraggins,* 80 Ala. 357; *Nabers v. Morris Min. Co.,* 103 Ala. 543. The statute authorizes an appeal from only three classes of interlocutory decrees, namely decrees sustaining or overruling a demurrer to a bill in equity, decrees sustaining or overruling a plea to such bill, and decrees sustaining or overruling a motion to dismiss the bill for want of equity—§427, Code, 1896. It is manifest the decretal order appealed from does not belong to either of the above classes, and that it is not a final decree. The appeal was, therefore, not authorized by the statute, and must be dismissed *ex mero motu.*