## BAER v. BALLINGALL.

[61 Pac. 852.]

SUBROGATION ON PAYING DEBT.

1. A minor having signed a note and mortgage with his mother, and having paid the debt after he became of age, and taken an assignment of the security, is entitled to be subrogated to his mother's rights and enforce the security.

RIGHT OF DOWER NOT AN INTEREST IN REALTY.

2. In the absence of a statutory provision, an unassigned right of dower is not such an interest in real property as can be reached by an execution.

POWER OF EQUITY TO ADMEASURE DOWER.

3. The jurisdiction of equity to act concurrently with courts of law in admeasuring dower in legal estates is now firmly fixed.

ASSIGNING DOWER—STATUTORY CONSTRUCTION.

4. Section 2961 of Hill's Ann. Laws, investing county courts with power to admeasure dower, does not deprive equity courts of their long-established jurisdiction over that subject, since there are no words indicating such an intention: Fleischner v. Citizens' Investment Co. 25 Or. 119, applied.

ASSIGNABILITY AND LIABILITY OF UNADMEASURED DOWER.

5. A right of dower may be assigned after it has become vested, and will be liable in equity for the debts of the wife.

PRACTICE IN SELLING DOWER RIGHT.

6. Where a widow's dower estate is decreed to be subject to the payment of her debts, it should be admeasured and assigned before being sold under execution, since the uncertainty existing before assignment would greatly affect the price obtainable at such sale.

From Baker :   ROBERT EAKIN, Judge.

This is a suit by S. L. Baer against Ada J. Ballingall
and others to subject an unassigned dower interest in
real property to the payment of a judgment rendered
against the dowress.   The transcript shows that one
Lewis Hart died intestate about August, 1888, seised
of certain real property in Baker County, Oregon, leav-
ing surviving him the defendants Ada J., his widow,
and Seth, Lotta, Jesse, and Rosa Hart (now Rosa York),
his children and heirs.   Frank Clark was appointed
administrator of his estate, which he settled without
selling any of the real property thereof.   Mrs. Hart
thereafter married R. F. Ballingall, but remained with
her children upon said real property, her dower interest
therein never having been assigned or admeasured ; and,
being indebted to Rosa E. Robinson and Davis Wilcox
in the sums of $700 and $300, respectively, she executed
a deed purporting to convey said dower right to them,
under an agreement that if her son Seth, who was a
minor, should, upon becoming twenty-one years old, con-
vey to them two hundred acres of land which he owned
in his own right, they would convey said dower interest
to him, and, he having done so, they executed to him a
quitclaim deed thereof.   Prior to January 21, 1898, the
plaintiff and S. Ottenheimer were partners.   On that day
the latter died intestate, and plaintiff, having been ap-
pointed administrator of the partnership estate, recovered
a judgment against Mrs. Ballingall March 16, 1898, for
the sum of $247.80, which was entered on that day in
the judgment docket of said county, and an execution,
having been issued thereon, was returned *nulla bona*,
whereupon this suit was instituted, the plaintiff alleging
that Mrs. Ballingall's deed was intended by the parties

37 OR.—27.

thereto as a mortgage to secure the payment of a sum unknown to the plaintiff, which had been fully paid, but, for the purpose of hindering, delaying and defrauding her creditors, she caused a deed of her dower interest to be executed to her son, and praying that said deeds be decreed mortgages and canceled, and that commissioners be appointed to admeasure her dower in said real property, and that the same be sold to satisfy plaintiff's judgment. At the trial the complaint was amended by adding a statement thereto that the deed executed by Mrs. Robinson and Mr. Wilcox to Seth Hart was in effect a satisfaction of Mrs. Ballingall's mortgage, of which plaintiff had no notice or knowledge until said deed was filed for record, prior to which his judgment had been secured in good faith, and was a lien on said dower interest. The answer admits that Mrs. Ballingall's deed was intended to secure the sum of $1,000, which was paid by Seth Hart, whereupon the dower interest was conveyed to him in pursuance of the original agreement of the parties, in payment of that sum, as the value of the land so conveyed by him. The reply having put in issue the allegations of new matter in the answer, a trial was had, resulting in a decree dismissing the suit, and plaintiff appeals.                                REVERSED.

For appellant there was a brief and an oral argument by *Messrs. J. B. Messick* and *Wm. H. Packwood, Jr.*

For respondents there was a brief and an oral argument by *Mr. Clarence Cole.*

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

The decree is predicated upon the theory that Mrs. Ballingall's deed of her dower right was intended as a mortgage to secure the payment of the sum of $1,000 which she owed Rosa E. Robinson and Davis Wilcox, and that such interest was conveyed to them in trust for Seth Hart, to whom it was to be conveyed when he became twenty-one years old, upon executing to them, in payment thereof, a deed for two hundred acres of land, the title to which he secured from his grandfather. The answer does not allege that Mrs. Ballingall's deed was intended by her as a conveyance of her dower interest in trust for her son, and, if it had been so averred, we think the testimony was insufficient to warrant a finding to that effect. Seth Hart, in testifying with respect to the agreement entered into with his mother concerning the conveyance of her dower interest and his payment of her debts, was asked the following question: "What was the occasion of making that agreement?" and said: "The occasion was that I wanted to be secure for paying this debt." "Q. Isn't it a fact that your mother secured the payment of these debts by giving her deed to her dower interest in the land described? A. She secured me so I would sign my deed. Q. Then, in other words, you were paying her debts? A. Yes, sir. Q. What was the consideration,—what were you paying her debts for? What advantage did you get out of it? A. The advantage was, I would be secured for paying her debts." We think this testimony clearly shows that Mrs. Ballingall and her son intended that, when he paid her debts to Mrs. Robinson and Mr. Wilcox, their deed, which was in fact a mortgage, should be assigned to him as security therefor.

1. It is argued by plaintiff's counsel that Seth Hart

was jointly liable with his mother to Mrs. Robinson and to Mr. Wilcox, and that when he paid their demands, and secured a conveyance of said dower interest, the mortgage was thereby satisfied.    Mrs. Robinson's demand was evidenced by a promissory note executed by Mr. and Mrs. Ballingall, and assigned to her; and notwithstanding Seth Hart, when he agreed to pay his mother's debt, about December 18, 1896, was only nineteen years old, which fact was well known to all the parties, he, to signify his willingness to keep his engagements, appended his name to said note, and also executed to Mrs. Robinson and Mr. Wilcox a deed purporting to convey the two hundred acres of land of which he was seised, in pursuance of which the grantees therein immediately took, and thereafter continuously held, possession thereof.    His signature affixed to his mother's note was only an evidence of his good faith that he would pay Mrs. Robinson the amount due thereon and take an assignment thereof. This was the consideration for his signature, and, having satisfied his agreement by executing a confirmatory deed after he became twenty-one years old, he was entitled to be subrogated to the rights of Mrs. Robinson, and to hold the note and security which his mother had given her. The claim of Davis Wilcox was founded on an account for groceries and supplies sold to Mrs. Ballingall, and used by her in supporting her family, for which her son Seth, then a minor, was not liable, but, having paid for them after attaining his majority, he is entitled to hold the security which his mother gave Wilcox therefor.    Believing, as we do, that the conveyance of the dower interest was intended as a security for the sum of $1,000 when held by Seth Hart, and that Mrs. Ballingall had an equity of redemption in the premises which, in equity, should be subject to the lien of plaintiff's judgment, the mortgage given by her, and equitably assigned to her

said son, will be foreclosed, and he will be entitled to receive, upon a sale of her dower right therein, the sum of $1,000, with interest thereon from December 18, 1896, the time when Mrs. Robinson and Mr. Wilcox took possession of his land under the original deed thereof. The complaint having alleged that Mrs. Ballingall occupied all the land subject to her dower, her son Seth is not chargeable with any rent arising therefrom.

2.    This brings us to a consideration of the mode of enforcing the decree. The rule is well settled that, unless otherwise regulated by statute, a mere right of dower before an assignment thereof to the dowress is only a chose in action, and not such an interest or estate in real property as can be levied upon and sold under an execution against her property : 4 Kent, Comm. *61; 1 Washburn, Real Prop. *251 ; *Leonard* v. *Grant*, 8 Or. 276 ; *Rayner* v. *Lee*, 20 Mich. 384; *Nason* v. *Allen*, 5 Me. (5 Greenl.) 479 ; *Blain* v. *Harrison*, 11 Ill. 384 ; *Summers* v. *Babb*, 13 Ill. 483 ; *Gooch* v. *Atkins*, 14 Mass. 378 ; *Shield's Heirs* v. *Batts*, 5 J. J. Marsh. 12 ; *Waller* v. *Mardus*, 29 Mo. 25 ; *Petty* v. *Malier*, 15 B. Mon. 591 ; *Torrey* v. *Minor*, 1 Smedes & M. Ch. 489.

3.    In *Tompkins* v. *Fonda*, 4 Paige, *448, a judgment having been rendered against a widow, whose only property consisted of an unassigned dower interest in a farm of which her husband died seised, and of which she was in possession with his heirs, the judgment creditor instituted a suit for the appointment of a receiver to assign her dower, and the relief prayed for was granted. Mr. Chancellor WALWORTH, in speaking of the widow's retaining possession of the premises subject to her dower, without demanding an assignment thereof, thus defeating the enforcement of a judgment, said : " She has no right, therefore, in conscience or in equity, to deprive her creditors of the benefit of her right of dower for the

satisfaction of their debts, by continuing in possession with the heirs, and neglecting to ask for a formal assignment, which assignment, and entry under it, would enable the creditors to reach it by execution. The right of dower of the defendant in this case is such an interest as may be reached by the aid of this court, and applied to the satisfaction of the complainant's judgment." At common law, the heir or tenant of the freehold possessed the power, and it was his duty, to assign the widow's dower, but, if he neglected or refused to do so within the period of quarantine, she could maintain an action at law against him to determine her right, and to recover damages for withholding her dower; and, if she recovered judgment therein, a writ of seisin was issue thereon, in pursuance of which the sheriff, after notifying the adverse parties, admeasured her dower by metes and bounds: 7 Enc. Pl. & Prac. 169. In the reign of Elizabeth, however, courts of equity began to assume jurisdiction in aid of the common law courts in enforcing rights of dower: Pomeroy, Eq. Jur. § 1380; 2 Scribner, Dower (2 ed.), 145. The auxiliary jurisdiction thus originally undertaken has expanded until it is now the general rule in the United States that courts of equity exercise concurrent jurisdiction with courts of law in admeasuring dower in legal estates: 10 Am. & Eng. Enc. Law (2 ed.), 173; 1 Story, Eq. Jur. § 624; *Brooks* v. *Woods*, 40 Ala. 538; *Herbert* v. *Wren*, 11 U. S. (7 Cranch), 370; *Powell* v. *Monson & B. Mfg. Co.* 3 Mason, 347 (Fed. Cas. No. 11,356).

4. The legislative assembly has invested the county courts of this state with power to admeasure dower, when the widow's right thereto is not disputed (Hill's Ann. Laws, § 2961); but the statute conferring such authority does not in express words deprive a court of equity of its jurisdiction over the subject-matter, and,

this being so, such power remains in the court of equity unaffected by the statute (*Owen* v. *Slatter*, 26 Ala. 547, 62 Am. Dec. 745). In that case Mr. Chief Justice CHILTON, in speaking of the power of a court of equity to admeasure dower, notwithstanding a statute of Alabama conferring authority on the probate courts of that state to do so, says : "The rule is that, although the statute may confer jurisdiction upon another court over subject-matter of which the chancery court had jurisdiction, the jurisdiction of the latter court remains unimpaired unless, by the language of the statute, they are forbidden to proceed in such cases." See, also, upon this subject, *Phipps* v. *Kelly*, 12 Or. 213 (6 Pac. 707); *Fleischner* v. *Citizens Invest. Co.* 25 Or. 119 (35 Pac. 174).

5. In *Strong* v. *Clem*, 12 Ind. 37 (74 Am. Dec. 200), it was held that a widow's dower interest in the real property of her deceased husband was assignable, and that the right, under the statute of Indiana, might be enforced by the assignee in his own name. Mr. Justice PERKINS, speaking for the court in deciding the case, says : "The first question arising in this case is whether a dower interest accruing to the widow in the real estate of her deceased husband, by virtue of the marriage, is assignable; and we think it is. Upon the death of the husband, the previous inchoate right of the wife becomes consummate,—a vested right; lying, it is true, in action, but still vested. It is a right, a chose in action, arising, not out of tort, but contract. Such rights of action and such interests were assignable in equity, at common law, so as to enable the assignee to recover upon them in a suit in his own name in chancery, but not at law. The assignment transferred the equitable, not the legal, title. * * * This right of the widow, then, being equitably assignable, may be enforced, under our present code, in the name of the assignee; for, while our statute may

not have enlarged the common-law right as to equitable assignments, it has invested the equitable assignee with the right to sue in his own name, as he might formerly in chancery." So, too, in *Payne* v. *Becker*, 87 N. Y. 153, it is held that the dower interest which a widow has in lands of which her deceased husband had been seised, although not admeasured, is assignable as a right in action, and is liable in equity for her debts. Mr. Justice Danforth, in deciding the case, says : "It must now be deemed settled that, upon the death of her husband, a widow has an absolute right to dower in the lands of which he had been seised, and that this right or interest, although resting in action, is liable in equity for her debts. In the cases above cited (*Tompkins* v. *Fonda*, 4 Paige, *448, and *Stewart* v. *McMartin*, 5 Barb, 438), the action for its admeasurement was required to be brought in the widow's name, but, since the code, that cannot be necessary."

6.   Mr. Justice Scott, in *Waller* v. *Mardus*, 29 Mo. 25, in speaking of the necessity of admeasuring dower before the widow's right to the premises is sold, says : "If the dower interest is permitted to be sold under execution before it is assigned, and the purchaser shall be compelled to go to law in order to have it allotted to him, the uncertainty whether it would ever be assigned would inevitably cause a diminution of price, which would not occur if the dower was assigned before the sale took place. To sell the right of dower at public auction, and then have it assigned, the purchaser taking the risk whether it will be assigned or not, would generally cause a sacrifice of it. The creditor should have the dower actually assigned before it is sold."

It is apparent, therefore, that Mrs. Ballingall's dower interest in the real property of which her former husband died seised should be assigned before it is sold, in

order that a reasonable sum may be bid therefor, and, this being so, the cause will be remanded to the court below with directions to appoint, upon notice to the adverse parties (Hill's Ann. Laws, § 331), three discreet and disinterested persons, authorizing and requiring them to set off by metes and bounds, to the use of the assignee of Ada J. Ballingall, during her natural life, one-third part of the lands described in the complaint, that being the interest to which she was entitled upon the death of her former husband (Hill's Ann. Laws, § 2954), and, having done so, that her interest in the premises so admeasured be sold under this decree, as upon execution, and from the money arising therefrom there be paid—first, the expense of such sale and the costs incurred in this court; second, the amount so decreed to the defendant Seth Hart; third, the amount of plaintiff's judgment; and, fourth, the remainder, if any, to Mrs. Ballingall. If it shall appear, however, to the satisfaction of the court, from the report of the referees or otherwise, that said dower interest cannot be set off by metes and bounds without injury to the estate and great prejudice to the owners, then to order a sale of the whole premises, and apply the money arising therefrom to the costs of such sale, and from the remainder to set off to the account of Mrs. Ballingall the value of her dower, estimated upon her life, at the time of such sale, upon the principles for ascertaining the present value of life annuities (2 Scribner, Dower [2 ed.], 171, 653, *et seq.*), and from the sum so set off to her to pay the several sums to the parties in the order hereinbefore stated; the portion of the sum realized from the sale of said real property not set apart to the account of Mrs. Ballingall, to be paid to the heirs of Lewis Hart, or to those entitled to the same. The decree will therefore be reversed, and a decree entered here as indicated.   REVERSED.