(82 South. 453)

RICKERSON v. RICKERSON. (8 Div. 176.)

(Supreme Court of Alabama. June 5, 1919.)

1. APPEAL AND ERROR ⊂⇒82(3)—APPEALABLE ORDERS—TEMPORARY ALIMONY—"INTERLOCUTORY DECREE."

An order overruling a motion to set aside a decree for temporary alimony is not such an "interlocutory decree" as is within the provisions of Code 1907, § 2838 et seq., allowing appeals from certain interlocutory decrees.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interlocutory Decree or Judgment.]

2. APPEAL AND ERROR ⊂⇒78(1)—FINAL DECREE—TEMPORARY ALIMONY.

A decree allowing temporary alimony and solicitor's fee in court proceedings is not a final decree from which appeal may be taken, but is purely interlocutory.

3. DIVORCE ⊂⇒217 — TEMPORARY ALIMONY — MODIFICATION OF DECREE.

Where, by reason of a change in circumstances, an allowance of temporary alimony should be modified or set aside, application should be made to the sound judicial discretion of the chancellor.

4. APPEAL AND ERROR ⊂⇒78(1)—FINAL DECREE—TEMPORARY ALIMONY—SUSPENSION OF SUIT.

The provision, in decree for temporary alimony and solicitor's fee to be paid defendant wife, that further proceedings be suspended until the payments are made, does not make the decree a final one from which appeal will lie.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Bill for divorce by W. F. Rickerson against Pearl Rickerson. From an order allowing temporary alimony and solicitor's fee and overruling motion to set aside the allowance, complainant appeals. Appeal dismissed.

Appellant filed the bill in this cause seeking a divorce from appellee, his wife. Answer was filed whereby the wife sought alimony and reasonable attorney's fee pending the suit. A reference was ordered by the court. Upon the reference it was agreed by counsel for the respective parties that $30 per month would be a reasonable allowance for temporary alimony, and $100 for solicitor's fee. The register so reported in conformity with said agreement, and this report was duly confirmed. On October 24, 1918, the court entered a decree or order confirming said report in all respects, and ordering the payment of such temporary alimony and solicitor's fee. Said decree also provided as follows:

"It is further ordered, adjudged, and decreed that all proceedings in this cause be suspended until the said alimony or allowance now due, and also the solicitor's fee, is paid."

In January, 1919, the complainant moved the court to set aside the above decree of October 24th, among other grounds for the reason that it was without authority of law. This motion was, on January 20, 1919, overruled; and on February 6th, thereafter, complainant prosecuted this appeal.

James L. Almon, Henry D. Jones, and Travis Williams, all of Russellville, for appellant.

Ray & Cooner, of Jasper, and W. L. Chenault, of Russellville, for appellee.

GARDNER, J. [1, 2] It is insisted by counsel for appellee that the appeal in this cause must be dismissed. The point is well taken. It is quite clear that the decree of the court overruling the motion to set aside the decree of October 24, 1918, is not such an interlocutory decree as to come within any of the provisions of section 2838 et seq. of the Code of 1907. The decree of October 24, 1918, is, of course, not a final decree, but one purely interlocutory in its nature, providing for alimony pending the suit.

[3] If by reason of any change in circumstances of the complainant's condition in life such allowance of temporary alimony should be modified or reduced, or he feels that he should be relieved of the payment of any installments past due, it is open to him to make application for such purpose to the chancellor, who exercises the sound judicial discretion in such matters, and whose conclusions thereon can only be reviewed by writ of mandamus and not appeal. Ex parte Jones, 168 Ala. 183, 53 South. 261; Ex parte Jones, 172 Ala. 186, 55 South. 491.

[4] There is no merit in the insistence that the decree of October 24th is a final decree because of the provisions therein contained ordering the proceedings in the cause suspended until said alimony is paid. As to this provision, see Webb v. Webb, 140 Ala. 262, 37 South. 96, 103 Am. St. Rep. 30; State of Washington ex rel. Crombie v. Superior Court, etc., 85 Wash. 607, 148 Pac. 882, L. R. A. 1915E, 567, and note; Trough v. Trough, 59 W. Va. 464, 53 S. E. 630, 4 L. R. A. (N. S.) 1185, 115 Am. St. Rep. 940, 8 Ann. Cas. 837; 1 R. C. L. 914. We merely cite these authorities without entering into a consideration of this question, as it is not here for review.

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Upon the face of the proceeding, the complainant ·is made to appear as in contempt of court for noncompliance with the order of court as for alimony pendente lite; and, in any event, any action of the court in reference to further proceedings in this cause, resting in the sound discretion of the chancellor, could only be reviewed by mandamus. This court is without jurisdiction to entertain an appeal from orders of the lower court in a pending suit in chancery, unless such decree or order is either a final decree or is one of the certain interlocutory orders provided by statute. Hayes v. Hayes, 192 Ala. 280, 68 South. 351.

The appeal will therefore be dismissed. Appeal dismissed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.