(100 South. 332)

JACKSON v. JACKSON. (8 Div. 624.)

(Supreme Court of Alabama. May 15, 1924.)

1. Appeal and error ⬷69(1)—Interlocutory decree allowing alimony and counsel fees pendente lite will not support appeal.

Interlocutory decree allowing alimony and counsel fees pendente lite will not support appeal.

2. Appeal and error ⬷792—Sufficiency of decree to support appeal jurisdictional.

Sufficiency of decree to support appeal is jurisdictional, and where unauthorized appeal is attempted it must be dismissed by court ex mero motu.

3. Appeal and error ⬷21—Jurisdiction to consider appeal from decree not final, may not be conferred by consent.

Jurisdiction to consider appeal cannot be conferred by consent where decree below is not final.

Appeal from Circuit Court, Franklin County; Chas. P. Almon, Judge.

Bill for alimony, etc., by Kate Furr Jackson against L. L. Jackson. From a decree granting alimony pendente lite and solicitor's fee, respondent appeals. Appeal dismissed.

Williams & Chenault, of Russellville, for appellant.

In view of the decision, it is not necessary here to set out the brief of counsel.

Key & Key, of Russellville, for appellee.

No appeal lies from the decree rendered. Code 1907, § 2838; Richardson v. Gadsden Bank, 119 Ala. 286, 24 South. 54; Barclay v. Spragins, 80 Ala. 357; Nabers v. Morris Co., 103 Ala. 543, 15 South. 850; Ex parte Eubank, 206 Ala. 8, 89 South. 656; Rickerson v. Rickerson, 203 Ala. 203, 82 South. 453.

THOMAS, J. The appeal is taken from an interlocutory decree allowing alimony and counsel fees pendente lite.

[1-3] The decree is not such as has been made by statute to support an appeal before final decree. The question presented is jurisdictional, and jurisdiction cannot be conferred by consent. Richardson v. First Nat. Bank of Gadsden, 119 Ala. 286, 24 South. 54; Nabers, Receiver, v. Morris Min. Co., 103 Ala. 543, 15 South. 850; Barclay, Assignee, v. Spragins, Adm'r, 80 Ala. 357. That is to say, the appeal must be dismissed by this court ex mero motu, for the reason that the court has no jurisdiction to hear and determine the matter sought to be presented for review, when an appeal as sought to be taken is not authorized by law. In Ex parte Eubank, 206 Ala. 8, 89 South. 656, this court said:

"The remedy by petition for writ of mandamus is not questioned by demurrer. It was the proper course, * * * as no appeal is allowed by law from that decree"—allowing alimony pendente lite and solicitor's fees. State ex rel. Sellers v. Locke, Judge, 208 Ala. 169, 93 South. 876; Ex parte Cairns, 209 Ala. 358, 96 South. 246; Ex parte Dunlap, 209 Ala. 453, 455, 96 South. 441; Rickerson v. Rickerson, 203 Ala. 203, 82 South. 453; Ex parte Jones,

168 Ala. 183, 53 South. 261; Id., 172 Ala. 186, 55 South. 491

The appeal is dismissed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.